IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Action No. 1:11-cv-0129

| | |
|---|---|
| JIHUI ZHANG,<br><br>      Plaintiff,<br><br>v.<br><br>FEDERATION OF STATE MEDICAL BOARDS, NATIONAL BOARD OF MEDICAL EXAMINERS, and PROMETRIC,<br><br>      Defendants. | **DEFENDANT FEDERATION OF STATE MEDICAL BOARDS' AND NATIONAL BOARD OF MEDICAL EXAMINERS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Defendants Federation of State Medical Boards ("FSMB") and National Board of Medical Examiners ("NBME") (collectively "Defendants") respectfully submit this Memorandum in Support of their Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion should be granted, and Plaintiff's complaint should be dismissed.

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiff is a *pro se* litigant. Although it is not entirely clear, Plaintiff apparently filed this action alleging that the reasons he failed Step 3 of the United States Medical Licensing Examination ("USMLE") were not properly investigated in that he did not receive a manual recheck of his score and that his test was improperly administered. Plaintiff apparently seeks declaratory relief in the form

of requiring "a fair and subjective investigation into [his] USMLE Step 3 score" (Complt., § IV), and monetary damages in the amount of $195,000. (*Id.*)

## **STATEMENT OF PERTINENT FACTS**[1]

According to the Complaint, Plaintiff Jihui Zhang is a medical doctor. In late 2009, Plaintiff applied to take Step 3 of the USMLE. (Complt. ¶ 1.) Step 3 is a two day computer-based test, (*id.*), and Plaintiff applied for and took the first day of the test on Monday, January 25, 2010 and the second day of the test on Thursday, January 28, 2010. (*Id.*)

On February 17, 2010, Plaintiff was notified that he had failed Step 3 of the USMLE. (Complt. ¶ 2.) Plaintiff submitted a request for a score recheck to FSMB. (*Id.*) On March 26, 2010, Plaintiff received the results of his score recheck. (Complt. ¶ 4.) The score recheck, which is performed by automated quality assurance software, confirmed that Plaintiff's score was accurate as originally reported. (*Id.*)

Plaintiff thereafter repeatedly contacted Defendants claiming that his USMLE Step 3 test score was "too low to reflect [his] preparation and actual performance" and expressing concern that his test score was impacted because he did not take his Step 3 exam on consecutive days. (*Id.*) Plaintiff also sought a manual recheck of his score.

---

[1] For purposes of a Rule 12(b)(6) motion, as is required, the factual allegations of the Complaint are taken as true. The Defendants fully reserve the right to otherwise contest Plaintiff's factual allegations.

2

Defendants responded to Plaintiff's inquiries. For example, by letter dated April 2, 2010, NBME informed Plaintiff that "[i]t is not uncommon nor against USMLE policy for examinees to be scheduled on non-consecutive days." (Complt, Ex. C.)[2] Plaintiff also was informed that "[a] review of your January 25 and 28, 2010, Step 3 examination record found that you received the full amount of testing time and we received data accounting for all test sections, including your responses." (*Id.*) In response to another inquiry, Plaintiff was informed by letter dated April 22, 2010, that his "correspondence and January 25 and 28, 2010, Step 3 examination record were submitted to a senior staff group for additional review." In the April 22, 2010 letter, Plaintiff was advised as follows:

> Our review confirmed that the center at which you tested is often closed on Tuesday and Wednesday. If, at the time you scheduled your day one testing appointment, the center is closed the following day(s), the day two appointment is scheduled for the next day the center is open. This is consistent with USMLE policy for testing on consecutive days.

(Complt., Ex. D.) Plaintiff also was advised at this time that "[o]ur review confirmed that the response data received is yours, and we found no irregularities with your examination data." (*Id.*)

Plaintiff subsequently hired an attorney. (Complt. ¶ 6.) Plaintiff's attorney wrote a demand letter to FSMB on August 10, 2010, expressing concerns regarding the fact that Plaintiff did not take Step 3 of the exam on consecutive

---

[2] In ruling on a motion to dismiss, a court evaluates the complaint, as well as documents attached to the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

days and asking for a manual score recheck. (Complt., Ex. E.) By letter dated September 2, 2010, FSMB responded to Plaintiff's attorney. In the September 2, 2010 letter, FSMB explained that taking the exam on non-consecutive days was not a violation of the USMLE policies. (Complt., Ex. G.) Counsel also was advised that, "[t]he score recheck performed previously at Dr. Zhang's request included a review to ensure that a complete data file was captured from both days of testing. The original response record was retrieved and rescored using a scoring system that is outside of the normal processing routine. As we noted in reporting the outcome of the score recheck, the 'scores are accurate as originally reported.'" (*Id.*)

Two months later, on November 4, 2010, Plaintiff's attorney wrote another letter to FSMB. (Complt., Ex. F.) This letter requested that Plaintiff be provided with "the percentage of questions on the first day of Step 3 that were scored correctly and the percentage of questions the second day of Step 3 that were scored as answered correctly." (*Id.*) By letter dated November 10, 2010, FSMB responded, declining this request. In its response, FSMB informed counsel for Plaintiff that it had again reviewed the data outcome file and based upon the review, Plaintiff "completed all scored items on his Step 3 administration with the exception of one item on day one of his examination," (Complt., Ex. H), thereby eliminating any concern that entire sections of the examination had been overlooked by Plaintiff. FSMB further noted that the "efforts to reassure Dr.

4

Zhang on the completeness and accuracy of his Step 3 score have already gone beyond those that the USMLE program ordinarily accords to examinees." (*Id.*)

This *pro se* action then ensued.

## QUESTIONS PRESENTED

I. SHOULD PLAINTIFF'S CLAIM FOR CIVIL RIGHTS VIOLATIONS AGAINST THE NATIONAL BOARD OF MEDICAL EXAMINERS AND THE FEDERATION OF STATE MEDICAL BOARDS BE DISMISSED WHEN NEITHER DEFENDANT IS A STATE ACTOR?

II. SHOULD PLAINTIFF'S COMPLAINT BE DISMISSED WHEN IT FAILS TO ALLEGE FACTS THAT COULD PLAUSIBLY ENTITLE PLAINTIFF TO RELIEF FROM THE NATIONAL BOARD OF MEDICAL EXAMINERS OR THE FEDERATION OF STATE MEDICAL BOARDS?

## ARGUMENT AND CITATIONS OF AUTHORITY

**I. PLAINTIFF'S CIVIL RIGHTS CLAIM AGAINST THE NATIONAL BOARD OF MEDICAL EXAMINERS AND THE FEDERATION OF STATE MEDICAL BOARDS SHOULD BE DISMISSED BECAUSE THESE DEFENDANTS ARE NOT STATE ACTORS.**

To the extent Plaintiff's Complaint asserts a claim for violation of his civil rights under 42 U.S.C. § 1983, it should be dismissed. To assert a viable civil rights claim "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). The burden of proving state action is on the plaintiff. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

5

NBME and FSMB, however, do not act under the color of state law. Therefore, Plaintiff cannot bring a civil rights action against these Defendants, and to the extent Plaintiff's Complaint is read as asserting a civil rights violation, it should be dismissed.

Whether NBME and FSMB act under color of law previously has been addressed by other federal courts. For example, in *Boggi v. Med. Review and Accrediting Council*, 2009 WL 2951022 (E.D. Pa. Sept. 15, 2009), the court dismissed a doctor's civil rights claim against NBME because it determined that NBME was not an entity acting under the color of state law. Similarly, in *Brown v. Fed. Of State Med. Bds.*, 1985 WL 1659 (N.D. Ill. May 31, 1985), the court held that both FSMB and NBME were neither state actors nor acting under the color of state law and dismissed the Plaintiff's civil rights claims against those defendants. *Brown* is particularly instructive, as it involved a plaintiff who sued NBME and FSMB regarding his receipt of failing scores on a medical licensing examination. *Id.* at *1-3.

Because Plaintiff has not and cannot meet his burden of proving that NBME and FSMB are state actors or were acting under color of state law, Plaintiff's Complaint against NBME and FSMB should be dismissed.

II. **PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS THAT COULD PLAUSIBLY SUPPORT A CLAIM FOR RELIEF AGAINST NBME OR FSMB.**

As noted earlier, it is difficult to determine the types of claims being asserted against NBME and FSMB. Nevertheless, a review of Plaintiff's

Complaint reveals that it fails to state a claim for relief for violation of his civil rights or under other legal theories, such as negligence or breach of contract. To the contrary, Plaintiff's Complaint reveals that NBME and FSMB went to great lengths to address Plaintiff's concerns regarding the grading of his Step 3 USMLE.

### A. Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if, assuming the facts in the complaint are true, a plaintiff has not alleged facts that would entitle him to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).[3] To survive a motion to dismiss, a plaintiff's complaint must "set forth facts sufficient to allege each element of his claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.), cert. denied, 540 U.S. 940 (2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* When "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

---

[3] Attachments to the complaint also can be considered when ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (internal quotations omitted).

This case presents nothing more than a plaintiff who failed to pass a licensing examination and now is seeking to place the blame for this occurrence on third parties.  Plaintiff's claim against NBME and FSMB should be dismissed not only because neither of these Defendants is a state actor, as noted above, but also because Plaintiff's Complaint is devoid of any factual allegations that support a plausible claim for relief.  To the contrary, as discussed more fully below, the documents attached to Plaintiff's Complaint demonstrate that neither NBME nor FSMB engaged in any conduct for which Plaintiff can recover.  As such, Plaintiff's Complaint against NBME and FSMB should be dismissed for failure to state a claim.

### B. NBME and FSMB Investigated Plaintiff's Taking of the Test on Non-Consecutive Days and Determined that all Policies and Procedures were Properly Followed.

Plaintiff alleges that NBME and FSMB "breached their internal policies and refused to investigate why [he] was scheduled on two non-consecutive days and how [his] test data were handled at the Prometric testing center where [he] took the test." (Complt. ¶ 8.)  This claim is without merit.

First, to the extent this is a civil rights claim, Plaintiff fails to specify what civil right afforded to him was violated by NBME or FSMB in their alleged failure to investigate his concerns.  To bring a valid claim for a violation of civil rights,

8

"the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). As Plaintiff's Complaint fails to identify any right afforded him by Federal law or the Constitution of the United States of which he allegedly was deprived by the alleged failure of NBME or FSMB to investigate his concerns, Plaintiff's claims related to this alleged failure should be dismissed.

Additionally, Plaintiff fails to identify any internal policies of NBME or FSMB that would require them to investigate Plaintiff's concerns regarding his test that were not followed. Moreover, Plaintiff's own Complaint demonstrates that NBME and FSMB fully investigated both of his concerns. When Plaintiff's own Complaint reveals information that undercuts his claims, he has "pleaded himself right out of court." *Lightner v. City of Wilmington, N.C.*, 545 F.3d 260, 264-65 (4th Cir. 2008) (affirming the dismissal of a plaintiff's claim for employment discrimination when Plaintiff's own Complaint indicated a non-discriminatory reason for the alleged discriminatory employment action).

Plaintiff repeatedly states in his Complaint that USMLE policy requires an examinee to take USMLE Step 3 on consecutive days. This assertion is incorrect. Exhibit B to Plaintiff's Complaint, which Plaintiff states is the "relevant section of the 2010 USMLE-Bulletin," *see* Complt. ¶ 3, contains the following statement:

> When you schedule your Step 3 test dates, the two days on which you take the test must be consecutive, *unless the center is closed on the day that follows your first day of testing. In that event, Prometric will assign you to the next day the center is open for your*

9

>  *second day of testing.* In all other cases, you must take Step 3 on two consecutive days at the same test center.

(Complt., Ex. B) (emphasis added).

When Plaintiff expressed his concern regarding his taking of the test on two non-consecutive days, NBME responded to Plaintiff by letter dated April 2, 2010, and notified him that it was not against USMLE policy for the Step 3 USMLE to be scheduled on two, non-consecutive days. (Complt., Ex. C)  NBME also stated in this letter that it had reviewed Plaintiff's examination records at his request and confirmed that Plaintiff had "received the full amount of testing time" and that NBME "received all data from all of the test sections, including [Plaintiff's] responses." (Complt., Ex. C.)  NBME therefore concluded that "the scheduling of your examination did not affect your test data or impact your score."  (*Id.*)

Thereafter, in response to another inquiry from Plaintiff, the NBME submitted Plaintiff's examination record to a "senior staff group for additional review."  (Complt., Ex. D)  That review confirmed that the testing center at which Plaintiff took the exam is often closed on Tuesday and Wednesday, which explained why he was scheduled to take the exam on non-consecutive days and is consistent with the USMLE policy as set forth above.  (*Id.*)  NBME again confirmed that it "found no irregularities with [Plaintiff's] exam data."  (*Id.*)

Plaintiff's attorney thereafter made inquiries regarding Plaintiff taking Step 3 of the USMLE on non-consecutive days and requested a manual recheck of his score. (Complt., Ex. E) In a response letter dated September 2, 2010, FSMB reiterated that the testing center at which Plaintiff took the examination is often closed on Tuesday and Wednesday and that Plaintiff's taking of the examination on non-consecutive days was in compliance with the stated policies of USMLE. (Complt., Ex G.) FSMB further noted that Plaintiff's examination data had been "retrieved and rescored using a scoring system that was outside of the normal processing routine." (*Id.*)

Thus, Plaintiff's allegations that NBME and FSMB "refused to investigate why [he] was scheduled on two non-consecutive days and how [his] test data were handled at the Prometric testing center where [he] took the test," not only fail the "plausibility" requirements of *Twombly* and *Iqbal*, they actually are belied by Plaintiff's own pleading. The responses from NBME and FSMB to Plaintiff and his attorney attached to Plaintiff's Complaint demonstrate that NBME and FSMB actually investigated why Plaintiff likely was scheduled to take the test on non-consecutive days and undertook to ensure that all the data from his examination were collected and scored properly. Plaintiff has thus "pleaded himself out of Court." *Lightner v. City of Wilmington, N.C.*, 545 F.3d 260, 264-65 (4th Cir. 2008).

11

Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

### C. Plaintiff's Complaint Does Not Plausibly State a Claim For Relief For Failure to Manually Recheck His Test Score.

Plaintiff additionally claims that NBME's and FSMB's failure to manually recheck his Step 3 USMLE somehow states a claim for relief. This allegation is nothing more than a legal conclusion that is not entitled to the assumption of truth. *Iqbal*, 129 S. Ct. at 1950. As with Plaintiff's other allegations, he again fails to specify which of his civil rights was violated by this refusal to manually recheck his test scores and his Complaint should be dismissed on this ground alone. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Similarly, Plaintiff fails to identify any contractual right or duty supporting this assertion.

Furthermore, Plaintiff's own pleading demonstrates that NBME and FSMB went beyond their normal procedures in assuring that Plaintiff's scores were accurate. In Exhibit G attached to Plaintiff's Complaint, FSMB states that Plaintiff's test data were "retrieved and rescored using a scoring system that is *outside of the normal processing routine*." (Complt., Ex. G) (emphasis added). Thereafter, FSMB informed Plaintiff's attorney that their "efforts to reassure [Plaintiff] on the completeness and accuracy of his Step 3 score have already gone beyond those that the USMLE program ordinarily accords to examinees." (Complt., Ex. H) There are no allegations in Plaintiff's Complaint which suggest that Plaintiff is entitled to a manual recheck of his scores. To the extent Plaintiff's

12

cause of action is predicated on an allegation that he was treated differently than other examinees, his own pleading reveals that NBME and FSMB actually conducted a more extensive recheck into Plaintiff's test scores than they typically do for other examinees. Thus, to the extent Plaintiff asserts that the refusal of NBME and FSMB to manually recheck his scores constitutes a claim for relief, it is not plausible given the lack of factual support in the Complaint for such a claim as well as the material in the pleadings that contradicts it. As such, Plaintiff's claims pertaining to the refusal of NBME and FSMB to manually recheck his scores should be dismissed.

## CONCLUSION

For the reasons set forth herein, Defendants Federation of State Medical Boards and National Board of Medical Examiners respectfully request that their Motion to Dismiss pursuant to Rule 12(b)(6) be allowed and that this action be dismissed with prejudice.

This the 18th day of April, 2011.

/s/Jon Berkelhammer
Jon Berkelhammer
N.C. Bar No. 10246
Patrick M. Kane
N.C. State Bar No. 36861
SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
PO Box 29127 (27420)
Greensboro, NC  27401
Telephone:  336.378.5200
Facsimile:  336.378.5400
jon.berkelhammer@smithmoorelaw.com

*Attorneys for Defendants Federation of State Medical Boards and National Board of Medical Examiners*

14

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed the document to the following non CM/ECF participant:

>JIHUI ZHANG
>102 ROWE ROAD
>CHAPEL HILL, NC 27516

>/s/Jon Berkelhammer
>Jon Berkelhammer
>*Attorney for Defendants Federation of State Medical Boards and National Board of Medical Examiners*

15