IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No: 1:11-CV-129

| | |
|---|---|
| JIHUI ZHANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERATION OF STATE | ) |
| MEDICAL BOARDS, NATIONAL | ) |
| BOARD OF MEDICAL | ) |
| EXAMINERS, and PROMETRIC, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT PROMETRIC INC.'S MOTION TO DISMISS

Defendant Prometric Inc. ("Prometric"), through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's Complaint against Prometric in its entirety on the grounds that Plaintiff's Complaint fails to state a claim or claims upon which relief can be granted.

In support of its motion, Prometric relies on its contemporaneously filed Brief in Support of Motion to Dismiss and states:

1. Plaintiff Jihui Zhang ("Plaintiff"), appearing *pro se*, filed this action on February 11, 2011 against Federation of State Medical Boards, National Board of Medical Examiners, and Prometric. Plaintiff's Complaint does not enumerate any specific cause of action. *See* Compl. [D.E. #1]. In his Civil Cover Sheet, however, Plaintiff indicated that the nature of his suit was "Other Civil Rights," cited 42 U.S.C. §

2000a-2(a) as the Statute under which he was filing, and provided a brief description of the cause as "[w]ithhold or deny right or privilege, [b]reach of internal policies." *See* Civil Cover Sheet [D.E. #2]. Plaintiff demands a "fair and subjective investigation" of his score on Step 3 of the United States Medical Licensing Examination and contends that the failure to perform the investigation to his satisfaction including a manual score recheck is a violation of his civil rights. *See* Compl. ¶8[1], Section IV [D.E. #1].

2. To bring an actionable claim against a defendant under 42 U.S.C. § 2000a-2(a), a plaintiff must allege that a defendant withheld or denied a right secured under 42 U.S.C. § 2000a or 42 U.S.C. § 2000a-1.

3. Under 42 U.S.C. § 2000a, "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion or national origin." 42 U.S.C. § 2000a(a).

4. Nowhere in his Complaint does Plaintiff allege that Prometric is a "place of public accommodation" as defined in 42 U.S.C. § 2000a. Moreover, Prometric clearly does not fall within the definition of "public accommodation." *See* 42 U.S.C. § 2000a. Plaintiff further fails to allege that he was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by Prometric.

5. Nowhere in his Complaint does Plaintiff allege that Prometric applied a

---

[1] Prometric is referring to the numbered paragraph in the section labeled "III. STATEMENT OF CLAIM."

state law, statute, ordinance, regulation, rule or order of a State in a way that discriminated against Plaintiff in violation of 42 U.S.C. § 2000a-1.

6. Furthermore, Plaintiff's Complaint fails to state any plausible set of allegations against Prometric for discrimination regarding the scoring or scheduling of his Step 3.

7. To the extent that any other claims against Prometric can be read into Plaintiff's Complaint, Plaintiff has failed to allege facts that state a claim upon which relief can be granted.

8. Thus, Plaintiff's claims as they relate to Prometric are deficient on their face and must be dismissed in their entirety.

WHEREFORE, for the foregoing reasons and those set forth more fully in Prometric's brief in support filed herewith, Defendant Prometric Inc. respectfully requests that this Court dismiss Plaintiff's Complaint against Prometric in its entirety.

Respectfully submitted this 18th day of April, 2011.

/s/ Benjamin R. Norman
Reid L. Phillips
N.C. Bar No.7968
rphillips@brookspierce.com
Benjamin R. Norman
N.C. Bar No. 32852
bnorman@brookspierce.com

*Attorneys for Defendant Prometric Inc.*

OF COUNSEL:

BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC  27420
Telephone:  336-373-8850
Fax: (336) 378-1001

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jonathan A. Berkelhammer
>Smith Moore Leatherwood LLP
>300 N. Greene Street
>Suite 1400
>Greensboro, NC 27401
>jon.berkelhammer@smithmoorelaw.com
>
>*Attorney for Defendants Federation of State Medical Boards and National Board of Medical Examiners*

In addition, I hereby certify that the foregoing was served upon the other parties of this action by first-class mail, postage prepaid, addressed to the following:

>Jihui Zhang
>102 Rowe Road
>Chapel Hill, North Carolina 27516

This the 18th day of April, 2011.

>/s/ Benjamin R. Norman
>Benjamin R. Norman