IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No: 1:11-CV-129

| | |
|---|---|
| JIHUI ZHANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERATION OF STATE | ) |
| MEDICAL BOARDS, NATIONAL | ) |
| BOARD OF MEDICAL | ) |
| EXAMINERS, and PROMETRIC, | ) |
| | ) |
| Defendants. | ) |

# DEFENDANT PROMETRIC INC.'S BRIEF IN SUPPORT OF

# MOTION TO DISMISS

Reid L. Phillips
Benjamin R. Norman
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: 336-373-8850

*Attorneys for Defendant Prometric Inc.*

Defendant Prometric Inc. ("Prometric"), through counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rules 7.2 and 7.3, submits the following Brief in Support of Prometric's Motion to Dismiss.

## STATEMENT OF THE NATURE OF THE MATTER

Plaintiff Jihui Zhang ("Plaintiff"), appearing *pro se*, filed this action on February 11, 2011, against three defendants, Federation of State Medical Boards ("FSMB"), National Board of Medical Examiners ("NBME") and Prometric. Plaintiff's Complaint does not attempt to label or enumerate any specific cause of action. *See* Compl. [D.E. #1]. In his Civil Cover Sheet,[1] however, Plaintiff indicated that the nature of his suit was "Other Civil Rights," cited 42 U.S.C. § 2000a-2(a) as the Statute under which he was filing, and provided a brief description of the cause as "[w]ithhold or deny right or privilege, [b]reach of internal policies." *See* Civil Cover Sheet [D.E. #2].

In his Complaint, Plaintiff alleges that his failing score on Step 3 of the United States Medical Licensure Examination ("USMLE") is incorrect. Plaintiff does not accept that he failed considering his "preparation and actual performance on the test days." Compl. ¶4[2] [D.E. #1]. Plaintiff alleges that there must have been a scoring error by the scorer of his Step 3, NBME, or an error in the transmission of his responses from the Prometric testing center to NBME. Compl. ¶4 [D.E. #1]. Although he requested and

---

[1] This Court has considered a *pro se* Plaintiff's Civil Cover Sheet and its identification of the statute under which the Plaintiff purports to file when determining what causes of action the Plaintiff purports to bring in the context of a motion to dismiss for failure to state a claim upon which relief can be granted. *See Williams v. Studivent*, Slip Op., 2009 WL 3837627, at *2 n.4 (M.D.N.C. Nov. 16, 2009).
[2] Unless otherwise noted, when citing paragraphs of the Complaint, Prometric is referring to the numbered paragraphs in the section labeled "III. STATEMENT OF CLAIM."

received a score recheck which found his originally reported score to be accurate as well as repeated assurances that all of his Step 3 responses were transferred without error to NBME, Plaintiff demands a "fair and subjective investigation" of his score and contends that the failure to perform the investigation to his satisfaction is a violation of his civil rights. Compl. ¶8, Section IV [D.E. #1]. Prometric now moves to dismiss Plaintiff's claims against it in their entirety.

## STATEMENT OF FACTS

The USMLE is a three-step examination for medical licensure in the United States and is sponsored by the FSMB and the NBME. 2010 Bulletin of Information[3] (hereafter "Bulletin"), p. 1. Describing the purpose of the USMLE, the Bulletin provides as follows:

> In the United States and its territories ("United States" or "US"), the individual medical licensing authorities ("state medical boards") of the various jurisdictions grant a license to practice medicine. Each medical licensing authority sets its own rules and regulations and requires passing an examination that demonstrates qualification for licensure. Results of the USMLE are reported to these authorities for use in granting the initial license to practice medicine. The USMLE provides them with a common evaluation system for applicants for medical licensure.

Bulletin, p. 1. "Step 3 examinees test using two formats: multiple-choice questions and *Primum* computer-based case simulations (CCS), a testing format that allows [the

---

[3] Plaintiff cites the Bulletin in paragraph 3 of the Complaint and attaches page 19 of the Bulletin as Exhibit B to the Complaint. Compl. ¶3, Ex. B [D.E. #1]. "Generally, only allegations in the Complaint are considered in deciding a Rule 12(b)(6) motion to dismiss. Documents extraneous to the Complaint, however, may be considered in certain circumstances without converting the Rule 12(b)(6) motion into a motion for summary judgment. Specifically, documents that are 'integral to and explicitly relied on in the complaint' may be considered if the authenticity of such documents is not in question." *Gladden v. Winston Salem State University*, 495 F.Supp.2d 517, 519 n.1 (M.D.N.C. 2007) (citing *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir.1999)). The Bulletin in its entirety, as published at http://www.usmle.org/general_information/bulletin/2010/2010bulletin.pdf, is attached hereto as Exhibit A

2

Case 1:11-cv-00129-CCE-PTS   Document 24   Filed 04/18/11   Page 3 of 17

examinee] to provide care for a simulated patient." Bulletin, p. 12. Step 3 is administered by computer at a Prometric testing center. Bulletin, p. 12. Step 3 is administered over two days with each day consisting of an eight-hour testing session. Bulletin, p. 14. The Bulletin provides that an examinee should schedule his Step 3 on consecutive days, unless the test center is closed on the day that follows the first day of testing. Bulletin, p. 19. "In that event, Prometric will assign [the examinee] to the next day the center is open for [the examinee's] second day of testing." Bulletin, p. 19. Prometric transfers the Step 3 examinee's answers to NBME for scoring. Bulletin, p. 29. Prometric does not score the Step 3 exam. Bulletin, p. 29. Prometric does not perform score rechecks. Bulletin, p. 31.

On December 7, 2009, Plaintiff himself scheduled his Step 3 of the USMLE on-line at www.prometric.com. Compl. ¶1 [D.E. #1]. Plaintiff scheduled his Step 3 for Monday, January 25, 2010 and Thursday, January 28, 2010. Compl. ¶1 [D.E. #1]. Plaintiff "took the test as scheduled, and everything went well as expected." Compl. ¶1 [D.E. #1]. On February 17, 2010, Plaintiff received his score report and learned that he failed Step 3. Compl. ¶2 [D.E. #1]. Plaintiff was "shocked" that he failed. Compl. ¶2 [D.E. #1]. That same day, Plaintiff contacted FSMB and requested a score recheck. Compl. ¶2 [D.E. #1]. FSMB completed the score recheck and, on March 26, 2010, reported to Plaintiff that the originally reported score was accurate. Compl. ¶4 [D.E. #1]. Unsatisfied, Plaintiff continued to contend that his exam was not scored correctly. Compl. ¶4 [D.E. #1]. Plaintiff also contended that his failing score might have been

caused by an incomplete transfer of his Step 3 responses from the Prometric test center to NBME. Compl. ¶4 [D.E. #1]. Plaintiff contacted FSMB and NBME numerous times over several months to voice these contentions. Compl. ¶4 [D.E. #1]. In response, FSMB and NBME again reviewed Plaintiff's Step 3 responses and score. Compl. ¶¶4, 5, 6, Exs. C, D, G, H [D.E. #1]. Finding no errors, FSMB and NBME, through many communications with Plaintiff and Plaintiff's attorney, assured Plaintiff that NBME indeed received all of Plaintiff's Step 3 responses and that Plaintiff's Step 3 was scored correctly. Compl. ¶¶4, 5, 6, Exs. C, D, G, H [D.E. #1]. Yet, Plaintiff remains unsatisfied and remains convinced that his exam was scored incorrectly. Compl. ¶¶7, 8 [D.E. #1].

After noting that the substantial "efforts to reassure [Plaintiff] on the completeness and accuracy of his Step 3 score have already gone beyond those that the USMLE program ordinarily accords," FSMB declined to provide further response to the requests of Plaintiff for further investigation of Plaintiff's score. Compl. Ex. H [D.E. #1]. Plaintiff contends that the failure of FSMB and NBME to perform a "manual score recheck" and to conduct further "fair and subjective investigation" into his score violates his civil rights. Compl. ¶¶7, 8 [D.E. #1].

## QUESTION PRESENTED

Has Plaintiff failed to state a claim upon which relief may be granted?

4

Case 1:11-cv-00129-CCE-PTS   Document 24   Filed 04/18/11   Page 5 of 17

# ARGUMENT

## A. The Standard Applicable to Plaintiff's Claims.

Recently, in *Nemet Chevrolet v. Consumeraffairs.com*, 591 F.3d 250 (4th Cir. 2009), the Fourth Circuit set forth the standard to apply to a Rule(12)(b)(6) motion to dismiss after *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009):

> [I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint. But we also conclude from the analysis in *Iqbal* that legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments."
>
> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'"
>
> Satisfying this "context-specific" test does not require "detailed factual allegations." The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." Without such "heft," the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," fail to nudge claims "across the line from conceivable to plausible."

*Nemet*, 591 F.3d at 255-56 (citations omitted). Although proceeding *pro se*, Plaintiff's claims are subject to the *Iqbal* standard. *Purvis v. Countrywide Home Loans, Inc.*, Slip Op., 2010 WL 3488707, at *2 (M.D.N.C. Sept. 1, 2010). "'A *pro se* complaint ... "must be held to less stringent standards than formal pleadings drafted by lawyers." But even a

5

*pro se* complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct."'"' *Williams v. Womble*, Slip Op., 2010 WL 3123278, at *1 n.1 (M.D.N.C. Aug. 9, 2010) (quoting *Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C.Cir.2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and *Iqbal*, 129 S.Ct. at 50), *cert. denied* 130 S.Ct. 2064 (2010)). Applying this standard, Plaintiff's claims should be dismissed.

**B.     Plaintiff's "Identified" Claims Fail as a Matter of Law.**

   **1.     Plaintiff Has Failed to Allege a Claim for Relief Under 42 U.S.C. § 2000a-2(a).**

In his Civil Cover Sheet [D.E. #2], Plaintiff purports to file his Complaint under 42 U.S.C. § 2000a-2(a) which provides that "No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title."  42 U.S.C. § 2000a-2(a). However, Plaintiff fails to allege any facts that support such a claim.

   **a.     Plaintiff Has Failed to Allege that Prometric is a Place of Public Accommodation Under 42 U.S.C. § 2000a.**

Enacted under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a provides that "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."  42 U.S.C. § 2000a(a).  The statute "sets forth a comprehensive list of establishments that qualify as a 'place of public

6

accommodation,' [] and in so doing excludes from its coverage those categories of establishments not listed. Places of public accommodation include: (1) hotels and other businesses providing 'lodging to transient guests,' []; (2) restaurants and other facilities 'principally engaged in selling food for consumption on the premises,' []; (3) 'place[s] of exhibition or entertainment,' []; and (4) establishments that are, inter alia, within a covered establishment[]." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) (internal citations omitted).

Plaintiff has made no allegation that Prometric is a place of public accommodation under the applicable statutory definition in 42 U.S.C. § 2000a. *See* Compl. [D.E. #1]. For this reason alone, Plaintiff's claim should be dismissed. Moreover, even had Plaintiff made such an allegation, one cannot reasonably conclude that the Prometric testing centers fall within the definition of "public accommodation" set forth in 42 U.S.C. § 2000a. Therefore, Plaintiff's claim should be dismissed.

      **b.** **Plaintiff Has Made No Allegation that He Was Denied Full and Equal Enjoyment of the Goods, Services, Facilities, Privileges, Advantages or Accommodations by Prometric in Violation of 42 U.S.C. § 2000a.**

Plaintiff fails to allege that he was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations by Prometric. Moreover, Plaintiff's allegations reveal that, in fact, he was provided full and equal enjoyment by Prometric. Plaintiff admits that he himself scheduled his exam online at the Prometric website. Compl. ¶1, Ex. A [D.E. #1]. As the Bulletin and Plaintiff's confirmation make clear, Plaintiff, like any Step 3 examinee, had the right to reschedule or cancel his exam

7

dates. *See* Compl. Ex. A [D.E. #1]; Bulletin pp. 19-20. Yet, Plaintiff admits that he "took the test as scheduled, and everything went well as expected." Compl. ¶1 [D.E. #1]. Although Plaintiff alleges a violation of the USMLE policy regarding the scheduling of his Step 3, the Bulletin he cites in his Complaint makes clear that his scheduled dates of a Monday and a Thursday complied with USMLE policy. *See* Compl. Ex. B [D.E. #1]. This compliance with USMLE policy was confirmed by FSMB and NBME. *See* Compl. Exs. C, D, G [D.E. #1].

        **c.**      **Plaintiff Has Failed to Allege that Prometric Withheld or Denied a Right Secured by 42 U.S.C. § 2000a-1.**

Plaintiff's Complaint fails to allege a cause of action under 42 U.S.C. § 2000a-1 which provides as follows:

> All persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof.

42 U.S.C. § 2000a-1. Plaintiff fails to allege that Prometric applied a state law, statute, ordinance, regulation, rule, or order of a State in a way that discriminated against Plaintiff. *See* Compl. [D.E. #1]. Therefore, any claim that Prometric violated 42 U.S.C. § 2000a-1 should be dismissed.

        **d.**      **Any Discrimination Claim Regarding the Scoring of Plaintiff's Step 3 Does Not Apply to Prometric.**

Prometric does not score Step 3. Bulletin, p. 29. Plaintiff correctly does not allege that Prometric scored Plaintiff's Step 3. *See* Compl. ¶¶2, 3, 4, 7, 8 [D.E. #1]. To

8

the extent that Plaintiff's Complaint alleges facts concerning discrimination in the scoring of his Step 3, those allegations are not made against Prometric. *See* Compl. ¶4 [D.E. #1] ("NBME first agreed to manually recheck my score but later reversed their decision by the reason that they only offer manual score recheck to US medical graduates; because I am a foreign medical graduate, they would not do it for me."); Compl. ¶8 [D.E. #1] ("They, [FSMB and NBME] deprived my civil right as an examinee who is entitled to all services they offer by refusing to manually check my score."). Therefore, any alleged discriminating acts in the scoring of Plaintiff's Step 3 does not state a claim against Prometric.

Further, although Prometric did not score Plaintiff's Step 3, Prometric notes that the Bulletin provides the terms for the score recheck process and does not provide for a "manual score recheck." *See* Bulletin p. 31. Moreover, the correspondence from Defendants FSMB and NBME which Plaintiff attached to his Complaint states that Plaintiff's Step 3 was scored in compliance with the Bulletin. *See* Compl. Exs. C, D, G, H [D.E. #1].

### 2. Plaintiff's Claim for "Breach of Internal Policies" Fails to State a Claim.

Plaintiff claims that Prometric violated USMLE policy in that Plaintiff scheduled and took Step 3 on nonconsecutive days. Compl. ¶¶3, 4 [D.E. #1]. Without explanation or basis, Plaintiff claims that the nonconsecutive days of testing caused Prometric to fail to properly transfer Plaintiff's Step 3 responses. Compl. ¶7 [D.E. #1]. Again, the Bulletin makes clear that the way Plaintiff himself scheduled his exam did not violate

9

USMLE policy. *See* Compl. Ex. B [D.E. #1]. FSMB and NBME confirmed that USMLE policy was not violated by Plaintiff's scheduling of his exam on nonconsecutive days. *See* Compl. Exs. C, D, G [D.E. #1]. Furthermore, the Bulletin as well as Plaintiff's confirmation provide that Plaintiff could cancel or reschedule his test at any time. Bulletin p. 19-20; Compl. Ex. A [D.E. #1].

Moreover, FSMB and NBME have confirmed in the correspondence Plaintiff attached to his Complaint that all of Plaintiff's Step 3 responses were successfully transferred to NBME by Prometric. *See* Compl. Exs. C, D, G, H [D.E. #1]. Plaintiff's allegations therefore are merely unreasonable conclusions that this Court should not accept as true. Any claim regarding the scheduling of Plaintiff's Step 3 on nonconsecutive days should be dismissed.

C.  **To the Extent Any Other Claims Can Be Read Into Plaintiff's Complaint, Plaintiff's Allegations Fail to State a Claim Upon Which Relief Can Be Granted.**

  1.  **To the Extent that Plaintiff Has Alleged a Claim for Breach of Contract, Plaintiff's Breach of Contract Claim Should Be Dismissed.**

To state a claim for breach of contract, Plaintiff must plead the existence of a valid contract and a breach of the terms of the contract. *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). Plaintiff does not identify "breach of contract" as the nature of his complaint in his Civil Cover Sheet, *see* Civil Cover Sheet [D.E. #2]. In his Complaint, Plaintiff does not identify any contract that exists between him and any of the Defendants. *See* Compl. [D.E. #1]. Further, Plaintiff fails to allege that a contract was breached. These failures warrant dismissal of any claim for breach of contract.

10

*In arguendo*, however, Prometric will address three of Plaintiff's allegations that he might argue constitute breach of contract. First, that NBME refused to perform a manual score recheck. Compl. ¶¶4, 8 [D.E. #1]. Second, that FSMB and NBME failed to investigate whether Plaintiff's exam answers were properly transferred by Prometric to NBME. Compl. ¶¶7, 8 [D.E. #1]. Finally, that there was a violation of USMLE's policy in the scheduling of Plaintiff's Step 3. Compl. ¶¶7, 8 [D.E. #1].

### a. The Allegation that NBME Refused to Perform a Manual Score Recheck Does Not State a Claim Against Prometric.

NBME scores the Step 3 and performs score rechecks. Bulletin, pp. 29, 31. Prometric does not. *Id.* Therefore, there can be no claim for breach of contract against Prometric for NBME's refusal to perform a "manual score recheck."

Although not specifically pleaded, the terms in the Bulletin arguably govern the relationship between Plaintiff, on one hand, and FSMB and NBME, on the other hand. Bulletin, p. 1. The Bulletin does not provide for a "manual score recheck." *See* Bulletin. Therefore, the failure to perform a "manual score recheck" is not a breach of the terms of the Bulletin.

### b. The Allegation that FSMB and NBME Failed to Investigate Whether Plaintiff's Exam Answers Were Properly Transferred by Prometric to NBME Does Not State a Claim Against Prometric.

Plaintiff alleges that FSMB and NBME failed to investigate whether Plaintiff's exam answers were properly transferred by Prometric to NBME. This allegation applies only to FSMB and NBME and therefore fails to state a claim against Prometric.

11

Moreover, the Complaint contradicts Plaintiff's contention that FSMB and NBME failed to investigate whether Prometric properly transferred all of Plaintiff's Step 3 responses to NBME. FSMB and NBME specifically confirmed that all of Plaintiff's Step 3 responses were properly transferred. *See* Compl. Ex. C, D, and G [D.E. #1].

### c. The Allegation of Violation of USMLE Policy in the Scheduling of Plaintiff's Step 3 Fails to State a Claim.

Again, the Bulletin makes clear that the way Plaintiff himself scheduled his Step 3 did not violate USMLE policy. *See* Compl. Ex. B [D.E. #1]. FSMB and NBME confirmed that USMLE policy was not violated by Plaintiff's scheduling of his Step 3 on nonconsecutive days. *See* Compl. Exs. C, D, G [D.E. #1]. Moreover, FSMB and NBME confirmed that all of Plaintiff's Step 3 responses were successfully transferred to NBME by Prometric. *See* Compl. Exs. C, D, G, H [D.E. #1].

### 2. To the Extent that Plaintiff Has Alleged a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing, Plaintiff's Claim Fails.

All parties must "make reasonable efforts to perform [its] obligations under the agreement" and "must act upon principles of good faith and fair dealing to accomplish the purpose of an agreement." *Maglione v. Aegis Family Health Centers*, 168 N.C. App. 49, 56, 607 S.E.2d 286, 291 (2005) (citations omitted). Plaintiff's Complaint shows that on many occasions Defendants have responded reasonably, fairly and in good faith to Plaintiff's concerns. *See* Compl. Exs. C, D, G, H [D.E. #1]. Defendants assured Plaintiff that all of Plaintiff's test responses were received and that there was no irregularity in the scoring of Plaintiff's Step 3. *See* Compl. Exs. C, D, G, H [D.E. #1]. Therefore, Plaintiff

12

has failed to state a claim, if alleged, for breach of the implied covenant of good faith and fair dealing and that claim should be dismissed. *See Bicycle Transit Authority, Inc. v. Bell*, 314 N.C. 219, 228, 333 S.E.2d 299, 305 (N.C. 1985). It is proper to dismiss a claim for breach of the implied covenant of good faith and fair dealing on a motion to dismiss for failure to state a claim. *See Vogler v. Countrywide Home Loans, Inc.*, Slip Copy, 2010 WL 3394034, at *8 (M.D.N.C. Aug. 26, 2010).

### 3. Plaintiff's Complaint Fails to State a Claim as a Third Party Beneficiary.

To state a claim as a third party beneficiary of any contract between Prometric and FSMB or NBME, Plaintiff must allege "(1) that a contract exists between two persons or entities; (2) that the contract is valid and enforceable; and (3) that the contract was executed for the direct, and not incidental, benefit of the [third party]." *Babb v. Bynum & Murphrey, PLLC*, 182 N.C. App. 750, 753, 643 S.E.2d 55, 57 (2007). Plaintiff fails to allege any facts sufficient to state a claim as a third party beneficiary, and therefore this claim should be dismissed.

### 4. Plaintiff's Complaint Fails to State a Claim for Negligence.

To the extent that Plaintiff might otherwise allege that FSMB or NBME negligently performed the scoring of his Step 3 or that Prometric negligently performed the transfer of Plaintiff's Step 3 responses, those claims cannot exist where a contract governs the scoring of his Step 3. *See Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 347 (4th Cir. 1998). Plaintiff's "claim for gross negligence really arises out of [the Defendants'] performance on the contract, not out of the type of distinct

13

circumstances necessary to allege an independent tort.". *Id.* citing *Strum v. Exxon Co., U.S.A., a Div. of Exxon Corp.*, 15 F.3d 327, 332-33(4th Cir. 1994) ("[An] attempt to turn a contract dispute into a tort action with an accompanying punitive dimension is inconsistent both with North Carolina law and sound commercial practice."). Moreover, the Complaint makes clear that Prometric successfully delivered all of Plaintiff's Step 3 responses to NBME. *See* Compl. Exs. C, D, G, H [D.E. #1]. Plaintiff's threadbare conclusion that Prometric must have failed to successfully deliver all of Plaintiff's Step 3 responses to NBME is insufficient to state a claim. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint … has not shown … that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1949-50.

## CONCLUSION

Plaintiff's Complaint fails to state any facts that are sufficient to state a claim upon which relief may be granted whether for the alleged violation of his civil rights or any other claim. WHEREFORE, Defendant Prometric Inc. respectfully requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted this 18th day of April, 2011.

/s/ Benjamin R. Norman
Reid L. Phillips
N.C. Bar No.7968
rphillips@brookspierce.com
Benjamin R. Norman
N.C. Bar No. 32852
bnorman@brookspierce.com

*Attorneys for Defendant Prometric Inc.*

14

OF COUNSEL:

BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC  27420
Telephone:  336-373-8850
Fax: (336) 378-1001

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jonathan A. Berkelhammer
>Smith Moore Leatherwood LLP
>300 N. Greene Street
>Suite 1400
>Greensboro, NC 27401
>jon.berkelhammer@smithmoorelaw.com
>
>*Attorney for Defendants Federation of State Medical Boards and National Board of Medical Examiners*

In addition, I hereby certify that the foregoing was served upon the other parties of this action by first-class mail, postage prepaid, addressed to the following:

>Jihui Zhang
>102 Rowe Road
>Chapel Hill, North Carolina  27516

This the 18th day of April, 2011.

>/s/ Benjamin R. Norman
>Benjamin R. Norman