IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JIHUI ZHANG )
                                           )
               PLAINTIFF, )
                                           )
v. )
                                           )   Civil Action No. 1:11-CV-129
FEDERATION OF STATE MEDICAL )
BOARDS, NATIONAL BOARD OF )
MEDICAL EXAMINERS, AND )
PROMETRIC, )
                                           )
             DEFENDANTS. )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS FEDERATION OF STATE MEDICAL BOARDS' AND NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The case before the Court is not complicated by any measure. It centers on whether Defendants Federation of State Medical Boards ("FSMB") and National Board of Medical Examiners ("NBME") have failed to correctly interpret and adequately enforce their own United States Medical Licensure Examination (USMLE) policy, breached their contract with the Plaintiff, and denied the Plaintiff's due legal right for a full and objective investigation of his USMLE Step 3 score.

Plaintiff Jihui Zhang, *pro se*, respectfully requests that this Court deny Defendants FSMB's and NBME's Motion to Dismiss for Failure to State a Claim upon Which Relief

Can Be Granted and permit Plaintiff's claims to proceed to discovery and trial. In support of the opposition, the Plaintiff relies on his simultaneously filed Brief in Opposition to Defendants FSMB's and NBME's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted and states:

1. Defendants FSMB and NBME, co-sponsors of USMLE, have failed to correctly interpret their own UMSLE policy of Step 3 test administration, specifically, of the scheduling of the test on two non-consecutive days.

2. The fact that Plaintiff's Step 3 test was scheduled and taken on two non-consecutive days without a justifiably applicable cause (<u>which should not be allowed per USMLE policy</u>) makes the Plaintiff reasonably believe that Prometric Inc. ("Prometric", the USMLE test service provider and the third Defendant in this case) did not properly bundle the Plaintiff's Step 3 test data from the two non-permissible test days for scoring by NBME. The Plaintiff has confidence in his ability to pass Step 3 and bears a reasonable belief that an error in scoring his Step 3 test, resulting from improper bundling of his test data by Prometric, is the most likely cause for his <u>extremely</u> low, failing score.

3. In the wake of two major concerns expressed by the Plaintiff, an <u>extremely low</u> score that does not reflect Plaintiff's test performance and an <u>out of norm</u> test scheduling of two non-consecutive days, Defendants FSMB and NBME refused to fully and adequately investigate Plaintiff's Step 3 score. The Defendants at the request of the Plaintiff did a standard score recheck. However, the Plaintiff believes that Defendants' standard procedure for score recheck may not be adequate to address Plaintiff's highly unusual circumstance. What the Defendants have done so far has not directly addressed

the core issues of this case and the Plaintiff is not convinced that there are no errors in scoring his Step 3 test.

4. Actions by Defendants FSMB and NBME have breached the USMLE polices of Step 3 administration and Step 3 score recheck and, thus, have constituted a breach of contract between them and the Plaintiff.

5. The Plaintiff filed the complaint to request that this Court find whether Defendants FSMB and NBME have breached their internal policies and whether there are any errors in scoring Plaintiff's Step 3 test. Under 42 U.S.C. § 20002-2(a), the Plaintiff is protected from denying, depriving of, and interfering with his legal rights.

WHEREFORE, for the foregoing reasons and those set force in more detail in his Brief in support filed herewith, Plaintiff respectfully requests this Court deny Defendants' Motion to Dismiss and permit Plaintiff's claims to proceed to discovery and trial.

Respectfully submitted this 12th day of May, 2011.

JIHUI ZHANG, *pro se* Plaintiff
102 Rowe Road
Chapel Hill, NC 27516
Telephone: 919 942 1880
E-mail: zjh1023@gmail.com

## CERTIFICATE OF SERVICE

The hereby certify that the foregoing was served upon Defendants' counsel on May 12th, 2011 by first-class mail, postage paid, addressed to the following:

>Jonathan A. Berkelhammer
>Smith Moore Leatherwood LLP
>300 N. Greene Street
>Suite 1400
>Greensboro, NC 27401

This the 12th day of May, 2011.

_____
JIHUI ZHANG, *pro se* Plaintiff
102 Rowe Road
Chapel Hill, NC 27516
Telephone: 919 942 1880
E-mail: zjh1023@gmail.com