IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No: 1:11-CV-129

| | |
|---|---|
| JIHUI ZHANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERATION OF STATE MEDICAL BOARDS, NATIONAL BOARD OF MEDICAL EXAMINERS, and PROMETRIC, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## DEFENDANT PROMETRIC INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Reid L. Phillips
Benjamin R. Norman
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC  27420
Telephone:  336-373-8850

*Attorneys for Defendant Prometric Inc.*

Defendant Prometric Inc. ("Prometric"), through counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rules 7.2 and 7.3, submits the following Reply Brief in Support of Prometric's Motion to Dismiss.

## INTRODUCTION

Plaintiff Jihui Zhang ("Plaintiff") took and failed Step 3 of the United States Medical Licensing Examination ("USMLE"). Although many examinees fail Step 3, Plaintiff says he was "shocked" that he failed. *See* Compl. ¶2 [D.E. #1]. In "shocking disbelief," he says, *see* Pl.'s Br. in Opp'n to Def. Prometric Inc.'s Mot. to Dismiss (hereafter "Pl.'s Br.") at 3 [D.E. #27], Plaintiff says he repeatedly sought confirmation from the test scorer, the National Board of Medical Examiners ("NBME"), that his Step 3 score was correct. Compl. ¶4 [D.E. #1]. Searching for any explanation other than his simple failure of Step 3, Plaintiff suggests that his test-taking on non-consecutive days must have caused an incomplete transfer of his Step 3 responses thereby resulting in his failing score. Compl. ¶4 [D.E. #1]. Therefore, Plaintiff says he has repeatedly sought confirmation that his Step 3 responses were transferred successfully from Prometric to NBME. Compl. ¶4 [D.E. #1]. For months and through many communications, NBME and the Federation of State Medical Boards ("FSMB") repeatedly confirmed that all of Plaintiff's Step 3 responses were transferred successfully to NBME and that his Step 3 was scored correctly. Compl. ¶¶4, 5, 6, Exs. C, D, G, H [D.E. #1]. Yet, Plaintiff remains unconvinced and unwilling to accept his failing score.

Plaintiff, appearing *pro se*, now turns to this Court seeking further confirmation that his Step 3 responses were transferred successfully from Prometric to NBME and that his Step 3 was scored correctly. This Court need not embark on a quest to overcome Plaintiff's disbelief of his failing score; Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed.

## ARGUMENT

### A. Plaintiff's Claims Fail Under the Applicable Standard.

Plaintiff, a medical doctor who prior to the filing of this lawsuit employed a lawyer to pursue the same causes that he seeks in this lawsuit (*see* Compl. ¶¶4, 6 [D.E. #1]), asks this Court to forgive the failures of his Complaint due to his *pro se* status. Even a *pro se* plaintiff must adhere to the standards set forth in *Iqbal* and *Twombly*. In *Purvis v. Countrywide Home Loans, Inc.*, Slip Op., 2010 WL 3488707, at *2 (M.D.N.C. Sept. 1, 2010), this Court set forth the applicable standard that applies to a *pro se* plaintiff's Complaint.

> Under Rule 12(b)(6), a complaint falls short if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

2

2010 WL 3488707, at *2 (citations in original).  Plaintiff's Complaint fails to plead factual matter that permits the Court to infer more than the "mere possibility of misconduct" and therefore should be dismissed.  *See Id.*, 2010 WL 3488707, at *2 n.4.

B.  **Any Claim Arising from the Alleged Failure to Transfer Plaintiff's Step 3 Responses to NBME Fails to State a Claim Upon Which Relief Can Be Granted.**

Plaintiff argues that he has a "reasonable belief" that Prometric failed to successfully deliver Plaintiff's Step 3 responses to NBME, the scorer of Step 3.  *See* Pl.'s Br. at 7 [D.E. #27].  Plaintiff argues that he "believes strongly" that the unsuccessful delivery of his Step 3 responses led to scoring errors by NBME.  Pl.'s Br. at 8 [D.E. #27].  Further, Plaintiff "believes" that his failing score is the result of NBME scoring only one day of his Step 3 responses rather than both days.  Pl.'s Br. at 8 [D.E. #27].  Plaintiff's characterization of his beliefs as "reasonable" does not advance his claim over the threshold required to withstand Prometric's Motion to Dismiss.

In fact, Plaintiff's beliefs are repeatedly belied by his own Complaint.  Plaintiff's Complaint provides that on at least four separate occasions, FSMB or NBME confirmed that all of Plaintiff's Step 3 responses were delivered successfully to NBME for scoring.  Specifically, in a letter of April 2, 2010, Plaintiff was informed that "[a] review of your January 25 and 28, 2010 Step 3 examination record found that you received the full amount of testing time and we received data accounting for all test sections, including your responses."  Compl. Ex. C [D.E. #1].  Next, in a letter of April 22, 2010, Plaintiff was informed that "[o]ur review confirmed that the response data received is yours, and

3

we found no irregularities with your examination data." Compl. Ex. D [D.E. #1]. On September 2, 2010, Plaintiff's attorney was informed that "[t]he score recheck performed previously at Dr. Zhang's request included a review to ensure that a complete data file was captured from both days of testing." Compl. Ex. G [D.E. #1]. On November 10, 2010, Plaintiff's attorney was informed that "the recent additional review of [Plaintiff's] data outcome file from which I was able to inform you [, Plaintiff's attorney,] by email on September 21, 2010 that Dr. Zhang [sic] completed all scored items on his Step 3 administration with the exception of one item on day one of his examination." Compl. Ex. H [D.E. #1].

Moreover, Plaintiff's Complaint further undermines his conclusion that his Step 3 responses were not properly transferred. Plaintiff alleges that he scored a 68 and that a 75 is a passing score. Compl. ¶4 [D.E. #1]. It is unreasonable to conclude that Plaintiff nearly passed Step 3 based upon only one day's responses.

Therefore, Plaintiff's Complaint alleges no facts that would allow this Court to reasonably infer that Plaintiff's Step 3 responses were improperly delivered by Prometric to NBME. Accordingly, any claim arising from Plaintiff's unreasonable conclusion fails and must be dismissed.

### C. Any Claim Arising from the Non-Consecutive Scheduling of Plaintiff's Step 3 Fails to State a Claim Upon Which Relief Can Be Granted.

Plaintiff argues that his scheduling of the two day Step 3 on non-consecutive days is a violation of USMLE policy and that violation somehow states a claim against

4

Prometric, FSMB and NBME. However, Plaintiff's Complaint provides that the scheduling of his Step 3 on non-consecutive days is not a violation of USMLE policy.

First, the USMLE policy attached by Plaintiff to the Complaint clearly provides that an examinee can schedule Step 3 on non-consecutive days. It states,

> Some, but not all, Prometric Test Centers are open on weekend days. When you schedule your Step 3 test dates, the two days on which you take the test must be consecutive, *unless the center is closed on the day that follows your first day of testing. In that event, Prometric will assign you to the next day the center is open for your second day of testing*. In all other cases, you must take Step 3 on two consecutive days at the same test center.

*See* Compl. Ex. B [D.E. #1] (emphasis added).

Second, FSMB and NBME confirmed repeatedly that Plaintiff's testing on non-consecutive days did not violate USMLE policy. Compl. Ex. C ("It is not uncommon nor against USMLE policy for examinees to be scheduled on non-consecutive days."); Compl. Ex. G ("From the perspective of the USMLE program, Dr. Zhang's test administration dates were appropriate and complied with stated policies.").

Although not alleged in the Complaint nor in Plaintiff's Response to Prometric's Motion to Dismiss, in Plaintiff's Response to the Motion to Dismiss of FSMB and NBME, Plaintiff alleges that the Prometric center was open on the Wednesday, January 27, 2010. *See* Pl.'s Br. Opp'n to FSMBs' and NBMEs' Mot. to Dismiss at 10 [D.E. #29]. Yet, even if the Court were to consider that allegation as true, it does not mean that the Prometric testing center was open on Tuesday, January 26, 2010 or Wednesday, January 27, 2010, at the time that Plaintiff scheduled his Step 3. It is reasonable that Prometric may have caused a testing center to reopen to accommodate increased demand that

5

occurred in the more than one and one-half month period between Plaintiff scheduling his Step 3 (December 7, 2009) and taking his Step 3 (January 25, 2010).

Most importantly, Plaintiff's only alleged concern regarding his testing on non-consecutive days is that it caused the unsuccessful transfer of his Step 3 responses from Prometric to NBME. Compl. ¶ 4 [D.E. #1]. This after-the-fact concern is baseless. As addressed in Part B above, no facts in the Complaint support a reasonable inference that Prometric failed to transfer Plaintiff's Step 3 responses.

**D.     Plaintiff's Claim for Violation of 42 U.S.C. § 2000a-2(a) Fails to State a Claim Upon Which Relief Can Be Granted.**

In the section of Plaintiff's Brief addressing his purported claim for violation of 42 U.S.C. § 2000a-2(a), Plaintiff merely makes legal conclusions with no basis in fact or law and without further discussion. *See* Pl.'s Br. at 8-9 [D.E. #27]. Plaintiff's Complaint fails to state a claim for violation of 42 U.S.C. § 2000a-2(a) for those reasons presented in Defendant Prometric Inc.'s Brief in Support of Motion to Dismiss [D.E. #24].

## CONCLUSION

Plaintiff's Complaint fails to state any facts that are sufficient to state a claim upon which relief may be granted. WHEREFORE, for the reasons stated above and those presented in its Brief in Support of Motion to Dismiss [D.E. #24], Defendant Prometric Inc. respectfully requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted this 25th day of May, 2011.

/s/ Benjamin R. Norman
Reid L. Phillips
N.C. Bar No.7968
rphillips@brookspierce.com
Benjamin R. Norman
N.C. Bar No. 32852
bnorman@brookspierce.com

*Attorneys for Defendant Prometric Inc.*

OF COUNSEL:

BROOKS, PIERCE, McLENDON,
　HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC  27420
Telephone:  336-373-8850
Fax: (336) 378-1001

7

Case 1:11-cv-00129-CCE-PTS   Document 30   Filed 05/25/11   Page 8 of 9

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jonathan A. Berkelhammer
>Smith Moore Leatherwood LLP
>300 N. Greene Street
>Suite 1400
>Greensboro, NC 27401
>jon.berkelhammer@smithmoorelaw.com
>
>*Attorney for Defendants Federation of State Medical Boards and National Board of Medical Examiners*

In addition, I hereby certify that the foregoing was served upon the other parties of this action by first-class mail, postage prepaid, addressed to the following:

>Jihui Zhang
>102 Rowe Road
>Chapel Hill, North Carolina 27516

This the 25th day of May, 2011.

>/s/ Benjamin R. Norman
>Benjamin R. Norman

8

Case 1:11-cv-00129-CCE-PTS   Document 30   Filed 05/25/11   Page 9 of 9