IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Action No. 1:11-cv-0129

JIHUI ZHANG,

    Plaintiff,

v.

FEDERATION OF STATE MEDICAL BOARDS, NATIONAL BOARD OF MEDICAL EXAMINERS, and PROMETRIC,

    Defendants.

**DEFENDANT FEDERATION OF STATE MEDICAL BOARDS' AND NATIONAL BOARD OF MEDICAL EXAMINERS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants Federation of State Medical Boards ("FSMB") and National Board of Medical Examiners ("NBME") (collectively "Defendants") respectfully submit this Reply Memorandum in Support of their Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below and in Defendants' original Motion to Dismiss and Memorandum in Support of the Motion to Dismiss, the motion should be granted, and Plaintiff's Complaint should be dismissed.

**ARGUMENT AND CITATIONS OF AUTHORITY**

Plaintiff's Opposition to Defendants' Motion to Dismiss and supporting Brief are primarily a recapitulation of the Statement of Claim in his Complaint, with a handful of

new, but inconsequential, factual allegations improperly added.[1]  Plaintiff's Opposition, however, fails to demonstrate how his Complaint states a plausible claim for relief from Defendants, and his improper attempt to amend his Complaint by the assertion of new allegations in his Brief does not cure the fatal deficiencies of his claims.

## I. Plaintiff Has Not Identified Any Breach of Contract By Defendants.

Plaintiff asserts that he failed Step 3 of the USMLE, not because of his own performance, but because he took the exam on two, non-consecutive days thereby compromising the scoring of his test.  He believes that if only he could have his test manually rechecked, he will obtain a passing score.  As a result, Plaintiff alleges that the failure to schedule his test on consecutive days and the failure to do more to recheck his test create a claim for relief.  These alleged failures do not, and for the reasons set forth below, and in Defendants' opening brief, Plaintiff's Complaint should be dismissed.

### A. There was no breach of any USMLE policy.

Plaintiff argues in his Opposition to Defendant's Motion to Dismiss that FSMB and NBME breached their alleged contract with Plaintiff by allegedly failing to follow USMLE policies with respect to the administration of Step 3 of the USMLE and rechecking his failing score on Step 3 of the USMLE.  (*See* Doc. No. 28, ¶ 4.)  As stated

---

[1] Plaintiff references a number of factual allegations in his brief that are not contained in his Complaint.  It is axiomatic that a Plaintiff cannot amend or add allegations to his complaint through a brief.  *See Owens v. IBM Corp.*, 1997 U.S. Dist. LEXIS 14536 at *6 n.2 (W.D.N.C. Aug. 14, 1997) ("[T]he Court takes it for granted that [plaintiff] cannot amend his complaint by means of briefs submitted in opposition to the motion to dismiss"); *see also Barclay White Skanska, Inc. v. Battele Mem'l Inst.*, 262 Fed. App'x 556, 563 (4th Cir. 2008) (holding that a plaintiff may not amend his or her complaint through arguments made in an opposing brief) (citations omitted).

in Defendants' original Brief in Support of their Motion to Dismiss, this contention is without merit and is contradicted by Plaintiff's own allegations.

With respect to the administration of Plaintiff's Step 3 exam, the USMLE policy states:

> When you schedule your Step 3 test dates, the two days on which you take the test must be consecutive, *unless the center is closed on the day that follows your first day of testing. In that event, Prometric will assign you to the next day the center is open for your second day of testing.* In all other cases, you must take Step 3 on two consecutive days at the same test center.

(Cmplt., Ex. B) (emphasis added).

Plaintiff argues that under this policy an examinee can take Step 3 of the exam on non-consecutive days *only* if "the two days are separated by weekend day(s) or holiday(s) or *justifiable days* that the test center cannot remain open." (*See* Doc. No. 29, p. 8 (emphasis added).) Contrary to Plaintiff's assertion, the USMLE policy does not require any special "justification" for the Prometric center to be closed for test administration, and Plaintiff does not and cannot point the Court to any such requirement. Rather, the policy only provides that, at the time an examinee registers for Step 3 of the USMLE, the examinee register to take the test on two consecutive days, if the center is open two consecutive days. As Exhibit D to Plaintiff's Complaint confirmed, "[i]f at the time you schedule your day one testing appointment, the center is closed the following day(s), the day two appointment is scheduled for the next day the center is open." (Cmplt., Exhibit D.) Further, Plaintiff "had the option to accept or request other test dates." (Cmplt., Exhibit C.) Having failed to do so, Plaintiff cannot be heard to complain.

3

Case 1:11-cv-00129-CCE-PTS   Document 31   Filed 05/31/11   Page 3 of 9

Moreover, "the [test] center at which [Plaintiff] tested is often closed on Tuesday and Wednesday." (Cmplt., Exhibit D.) This is entirely consistent with the USMLE policy for test administration and, therefore, cannot support Plaintiff's claim for breach of contract against Defendants.

### B. Defendants properly investigated Plaintiff's test scores.

Plaintiff's assertion that Defendants breached their alleged contract with him because they failed to follow the USMLE policy with respect to score rechecks is equally insufficient to support a breach of contract claim. Notably, Plaintiff fails to identify, in either his Complaint or in his opposition brief, what this policy in fact is. Notwithstanding this fatal omission, Plaintiff's Complaint outlines precisely the efforts Defendants undertook to ensure that his Step 3 USMLE had been properly collected and scored, (*see* Cmplt., Exhibit C ("[a] review of your January 25 and 28, 2010 Step 3 examination record found that you received the full amount of testing time and we received data accounting for all test sections, including your responses"); Cmplt., Exhibit D ("[o]ur review confirmed that the response data received is yours, and we found no irregularities with your examination data); Cmplt., Exhibit G ("[t]he score recheck performed previously at Dr. Zhang's request included a review to ensure that a complete data file was captured from both days of testing. The original response record was retrieved and rescored using a scoring system that is outside of the normal processing routine. As noted in reporting the outcome of his score recheck, the 'scores are accurate as originally reported.'"); Cmplt., Exhibit H (noting that based upon a review of various

4

materials, the FSMB "was able to inform [counsel for Plaintiff] by email on September 21, 2010 that [Plaintiff] completed all scored items on his Step 3 administration with the exception of one item on day one of his examination")), thereby defeating his claim.

Plaintiff's Complaint also reveals that FSMB's "efforts to reassure [Plaintiff] on the completeness and accuracy of his Step 3 score have already gone beyond those that the USMLE program ordinarily accords to examinees." (Complt., Ex. H) As Plaintiff can point to no basis that he is entitled to any additional measures with respect to a score recheck, and Defendants have already conducted a more extensive recheck into Plaintiff's test scores than they typically do for other examinees, Plaintiff's Complaint does not state a claim for relief for breach of contract with respect to his score recheck. Accordingly, Defendants' motion to dismiss should be granted, and this action should be dismissed.

## II. Defendants Are Not Places of Public Accommodation Under 42 U.S.C. § 2000a.

Plaintiff concedes that Defendants are not establishments open to the public. (*See* Doc. No. 29, p. 14.) Nevertheless, without any legal authority or explanation, Plaintiff argues that Defendants are subject to the requirements of 42 U.S.C. § 2000a because they "must be considered a public accommodation to Plaintiff and other examinees who have fully paid for taking the test," and that Defendants "cannot deny Plaintiff's request for further investigating his Step 3 score solely based on [the fact that] he is not an American but a foreign medical graduate." (*Id.*) Plaintiff goes on to state that because he is a *pro se* litigant, he expects this Court to protect him from any technical deficiencies his Complaint may have. (*Id.*, pp. 14-15.)

5

Plaintiff's arguments do not save his claim against NBME and FSMB. First, the Court is not required to indulge Plaintiff's request that it find some way to allow his meritless claim to proceed simply because he is acting without an attorney. While a *pro se* complaint should be held to less stringent standards than a complaint drafted by a lawyer, a *pro se* plaintiff still has the obligation to provide sufficient grounds for entitlement to relief under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Thigpen v. McDonnell*, 273 F. Appx. 271, 273 (4th Cir. 2008) (unpublished); *see also Stalvey v. Dept. of Voc. Rehab.*, No. 1:08CV781, 2009 WL 3068415 (M.D.N.C. Sept. 21, 2009) ("The requirement that a pro se complaint be liberally construed does not diminish [the *Twombly*] standard"). Plaintiff's bald conclusions that Defendants are subject to 42 U.S.C. § 2000a have no basis in fact or law. As a result, to the extent Plaintiff is bringing a claim against Defendants under this statute, the claim should be dismissed.

Next, 42 U.S.C. § 2000a delineates with precision the establishments or entities considered a public accommodation and "excludes from its coverage those categories of establishments not listed." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006). "Places of public accommodation include: (1) hotels and other businesses providing 'lodging to transient guests,'; (2) restaurants and other facilities 'principally engaged in selling food for consumption on the premises,'; (3) 'place[s] of exhibition or entertainment,'; and (4) establishments that are, inter alia, within a covered establishment." *Id.* (internal citations omitted). There is no reading of this statute under

6

which Defendants could be considered a "place of public accommodation" such that the statute applies to them. Even Plaintiff concedes this point. *See* Doc. No. 29, p. 14. Therefore, Plaintiff's claim against NBME and FSMB for alleged violation of 42 U.S.C. § 2000a should be dismissed.

Furthermore, Plaintiff's argument that Defendants "cannot deny Plaintiff's request for further investigating his Step 3 score solely based on he is not an American but a foreign medical graduate" is misplaced. (*See* Doc. No. 29, p. 14.) Plaintiff claims NBME did not perform a manual recheck of his failing Step 3 USMLE score because they only offer manual score rechecks to "US medical graduates" and he is a "foreign medical graduate." (Complt. ¶ 4). Even if this were true, which it is not, this would not be a violation of 42 U.S.C. § 2000a, which prohibits "discrimination or segregation on the ground of race, color, religion, or national origin." *See* 42 U.S.C. § 2000a(a). Here, Plaintiff appears to be claiming that he is being discriminated against because he is a graduate of a foreign medical school, as opposed to a medical school in the United States. That is, he is complaining about the location of the school not the ethnicity of its graduates. Graduates of foreign medical schools are not a protected class under 42 U.S.C. § 2000a, and thus Plaintiff's claim that Defendants have violated that statute are without merit.

### III. Defendants Are Not State Actors And Cannot Be Held Liable for Civil Rights Violations Under 42 U.S.C. § 1983.

Plaintiff does not address Defendants' argument that any alleged claims against them for civil rights violations pursuant to 42 U.S.C. § 1983 must be dismissed because

7

neither NBME nor FSMB are state actors. To the extent the Court reads Plaintiff's Complaint as attempting to bring a claim against Defendants pursuant to this statute, the claim should be dismissed for the reasons set forth in Defendants' original Brief in support of this motion.

## CONCLUSION

For the reasons set forth herein and in Defendants Motion to Dismiss and Brief in Support of that Motion, Defendants Federation of State Medical Boards and National Board of Medical Examiners respectfully request that their Motion to Dismiss pursuant to Rule 12(b)(6) be allowed and that this action be dismissed with prejudice.

This the 31st day of May, 2011.

/s/Jon Berkelhammer
Jon Berkelhammer
N.C. Bar No. 10246
Patrick M. Kane
N.C. State Bar No. 36861
SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
PO Box 29127 (27420)
Greensboro, NC 27401
Telephone: 336.378.5200
Facsimile: 336.378.5400
jon.berkelhammer@smithmoorelaw.com

*Attorneys for Defendants Federation of State Medical Boards and National Board of Medical Examiners*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed the document to the following non CM/ECF participant:

>**JIHUI ZHANG**
>102 ROWE ROAD
>CHAPEL HILL, NC 27516

>/s/Jon Berkelhammer
>Jon Berkelhammer
>*Attorney for Defendants Federation of State Medical Boards and National Board of Medical Examiners*