# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JIHUI ZHANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:11CV129 |
| ) | |
| FEDERATION OF STATE MEDICAL ) | |
| BOARDS, NATIONAL BOARD ) | |
| OF MEDICAL EXAMINERS, ) | |
| and PROMETRIC, ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket Nos. 20, 23.) These motions have been fully briefed. For the reasons stated herein, the Court concludes that Defendants' motions should be granted and that this action should be dismissed.

### FACTS, CLAIMS, AND PROCEDURAL HISTORY

The following factual allegations are set out in Plaintiff's complaint. (Docket No. 1 ("Compl.").) Plaintiff Jihui Zhang, who proceeds *pro se* in this action, is a medical doctor who attempted but failed Step 3 of the United States Medical Licensure Examinations ("USMLE"). The Federation of State Medical Boards ("FSMB") and the National Board of Medical Examiners are co-sponsors of USMLE Step 3 which consists of two days of testing. Defendant Prometric administers the examination. Plaintiff signed up for his two days of

testing online at Prometric's website. His test dates were January 25, 2010 (Monday) and January 28, 2010 (Thursday). Plaintiff took the test as scheduled.

On February 17, 2010, Plaintiff Zhang received notice of his failing test score of 68. The minimal passing score is 75. Plaintiff submitted several requests by phone and mail to FSMB to recheck his score. During one of these initial phone calls, an FSMB representative allegedly told Plaintiff that USMLE policy requires Step 3 to be taken on two consecutive days, which for Plaintiff would have been January 25 and 26, and recognized a "potential impact of the unusual scheduling on [Plaintiff's] score." (Compl. ¶ 2.) Although the representative informed Plaintiff that she would inform her supervisor about the scheduling issue and contact Plaintiff later that day, Plaintiff heard nothing that day and phoned FSMB again on the next day, February 23, 2010. Plaintiff spoke to a different representative on February 23 who "seemed not concerned at all about [Plaintiff's] unusual test scheduling." (*Id*. ¶ 3.)

The USMLE-Bulletin sets the policy for the testing schedule. It states in pertinent part:

> When you schedule your Step 3 test dates, the two days on which you take the test must be consecutive, unless the center is closed on the day that follows your first day of testing. In that event, Prometric will assign you to the next day the center is open for your second day of testing. In all other cases, you must take Step 3 on two consecutive days at the same test center.

(Docket No. 1, Ex. B at 2.) Although the record does not presently show whether the testing center at issue was open or closed on the intervening Tuesday and Wednesday, Plaintiff contends that his scheduling "was indeed in violation of USMLE policy."[1] (Compl. ¶ 3).

Representatives of Defendants responded by letter to the requests made by Plaintiff and his counsel. In an April 2, 2010, letter a test administration specialist, Toya Bagley, advised Plaintiff that it was "not uncommon nor against USMLE policy for examinees to be scheduled on non-consecutive days." (Docket No. 1, Ex. C.) Ms. Bagley also wrote that an examination of the Step 3 examination record found that Plaintiff received the full amount of testing time and that USMLE "received data accounting for all test sections, including [Plaintiff's] responses." (*Id.*) According to USMLE, the schedule of Plaintiff's examination did not affect his test data or impact his score.

In an April 22, 2010 letter, Ms. Patterson, a USMLE test administration manager, wrote that Plaintiff's Step 3 examination record was submitted to a "senior staff group for additional review" in response to Plaintiff's correspondence. (Docket No. 1, Ex. D.) According to Ms. Patterson, the center at which Plaintiff tested is "often closed on Tuesday

---

[1] Plaintiff states in his response brief that on his second day of testing there were other Step 3 test takers who were also taking their second day of testing but had their first day of testing on the previous day. (Docket No. 29 at 10.) Defendants argue that, even if true, this assertion does not show that the testing center was open on Tuesday or Wednesday *at the time that Plaintiff scheduled his Step 3 testing*. (Docket No. 30 at 6.) They suggest that increased demand between the date Plaintiff scheduled his testing and the days of testing may have caused Prometric to reopen the center. (*Id.*)

-3-

and Wednesday," and if the center is closed on days which follow a scheduled first day of a multi-day test, the appointment is scheduled to resume on the next day the center is open. (*Id*.) The additional review, Ms. Patterson reports, "confirmed that the response data received is [Plaintiff's], and [they] found no irregularities with [Plaintiff's] examination data." (*Id*.)

In September 2010, in response to correspondence from an attorney acting on Plaintiff's behalf (who does not appear in this litigation), the vice-president of assessment services for FSMB, David Johnson, wrote that Plaintiff's "test administration dates were appropriate and complied with stated policies." (Docket No. 1, Ex. G at 1.) Mr. Johnson also advised Plaintiff's counsel that a recheck previously performed "included a review to ensure that a complete data file was captured from both days of testing." (*Id*.) According to Mr. Johnson, Plaintiff's "original response record was retrieved and rescored using a scoring system that is outside of the normal processing routine" which found that his scores were accurate. (*Id*. at 2.) Mr. Johnson declined Plaintiff's request that Plaintiff be allowed to review his "answer sheets" based upon security concerns. Finally, in a November 10, 2010, letter to Plaintiff's counsel, Mr. Johnson declined counsel's request to know the percentage of items answered correctly on each day of Plaintiff's test administration.

Plaintiff does not cite any specific statute in his Complaint pursuant to which he attempts to bring claims.[2] He claims that Prometric violated USMLE policy by scheduling his Step 3 test on two non-consecutive days which resulted in the inaccurate scoring of his test. (Compl. at 5.) Plaintiff argues that FSMB and NBME breached their internal policies and refused to investigate why he was scheduled on non-consecutive days and how his test data was handled. (*Id*.) He further charges that FSMB and NBME deprived him of his civil rights by refusing to manually check his test score. (*Id*.) Plaintiff requests as relief a "fair and subjective investigation" into his score and $195,000 in damages. (*Id*. at 6.)

## DISCUSSION

**A.    Standard**

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

---

[2] On his civil cover sheet Plaintiff cites 42 U.S.C. § 2000a-2(a) as the statute under which he proceeds. (Docket No. 2.)

**B.    42 U.S.C. § 2000a-2a**

Plaintiff is apparently proceeding under 42 U.S.C. § 2000a-2a, as this is the only statute identified at the time he filed his Complaint. (Docket No. 2.) This statute is a prohibition against depriving any person of a right secured by section 2000a or 2000a-1 of Title 42. Section 2000a-1 prohibits discrimination on account of race, color, religion, or national origin, if such discrimination is required by, or purports to be required by, the law of a state or any agency or political subdivision thereof. Plaintiff makes no allegation of discrimination required by law. Therefore, he fails to state a claim for relief under section 2000a-1.

Section 2000a prohibits discrimination on the grounds of race, color, religion, or national origin in places of public accommodation. Such places of accommodation are defined in the statute and include hotels, restaurants, theaters, stadiums, and establishments located within such places. 42 U.S.C. § 2000a(b)(1-4). Plaintiff does not provide any support for his argument that Defendants are operating a place of "public accommodation" as defined by statute. (*See* Docket No. 27 at 8-9; Docket No. 29 at 14.) To the contrary, the Fourth Circuit has found that the listing of places of public accommodation in section 2000a is comprehensive and "excludes from its coverage those categories of establishments not listed." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) (concluding that beauty salons are not places of public accommodation).

Moreover, Plaintiff fails to state facts which would allow this Court to reasonably infer that Defendants discriminated against Plaintiff based on his race, color, religion, or national origin, as would be required by section 2000a. He alleges that a representative of NBME first agreed to manually recheck his score but later reversed that decision because it only offered a manual recheck to United States medical graduates. (*See* Compl. ¶ 4.) Plaintiff avers that he is a foreign medical graduate. (*Id.*) The geographic location of the school from which Plaintiff graduated is not a protected class under the statute. Accordingly, Plaintiff has failed to state a claim for relief under section 2000a and section 2000a-2a.

### C. 42 U.S.C. § 1983

Plaintiff does not suggest that he is relying on 42 U.S.C. § 1983 to raise his claims of civil rights discrimination. Even if he were to so claim, such an argument would have to be rejected. Plaintiff does not allege that Defendants were acting under color of state law when they committed any act which he claims led to a violation of his civil rights. Defendants are private actors and there is no showing of any connection to a state actor. *See Boggi v. Med. Review and Accrediting Council*, 2009 WL 2951022, No. 08-4941 (E.D. Pa. Sept. 15, 2009) (NBME not a state actor); *Brown v. Fed. of State Med. Bds.*, 1985 WL 1659, No. 82C7398 (N.D. Ill. May 31, 1985) (neither FSMB nor NBME state actor). Therefore, Plaintiff fails to state a claim upon which relief could be granted under section 1983.[3] *See Philips v. Pitt*

---

[3] The Court construes Plaintiff's *pro se* complaint liberally; nonetheless, the Court can find no well-stated claim under any apparent legal theory.

*Cnty. Mem'l Hosp.*, 572 F.3d 176, 180-81 (4th Cir. 2009) (explaining requirement of state action under section 1983 and stating that "merely private conduct" no matter how discriminatory or wrongful fails to qualify as state action).

**CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' motions to dismiss (Docket Nos. 20, 23) be granted and that this action be dismissed.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: December 29, 2011