IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Action No. 1:11-cv-0129

| | |
|---|---|
| JIHUI ZHANG,<br><br>       Plaintiff,<br><br>    v.<br><br>FEDERATION OF STATE MEDICAL BOARDS, NATIONAL BOARD OF MEDICAL EXAMINERS, and PROMETRIC,<br><br>       Defendants. | **DEFENDANTS FEDERATION OF STATE MEDICAL BOARDS AND NATIONAL BOARD OF MEDICAL EXAMINERS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATION** |

       Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, Defendants Federation of State Medical Boards ("FSMB") and National Board of Medical Examiners ("NBME") file this Response to Plaintiff's Objections to the Magistrate Judge's Memorandum Opinion and Recommendation dated December 29, 2011 that Plaintiff's claims against FSMB and NBME be dismissed with prejudice. The Memorandum Opinion and Recommendation is well-supported in both law and fact, and Plaintiff's objections make no showing to the contrary. FSMB and NBME, therefore, request that the Magistrate Judge's recommendation to dismiss Plaintiff's claims be adopted in full.

# FACTS[1]

In late 2009, Plaintiff applied to take Step 3 of the United States Medical Licensing Examination ("USMLE"). (Doc. No. 1, ¶ 1.) Step 3 is a two day, computer-based test. (*Id.*) That is, it is administered by computer, which records the examinee's responses. In addition, NBME electronically retrieves the examinee's Response Records and scores them using its proprietary Scoring Software. Plaintiff was responsible for applying for and scheduling the days he would take the test. In this case, Plaintiff took the first day of the test on Monday, January 25, 2010, and the second day of the test on Thursday, January 28, 2010. (*Id.*)

On February 17, 2010, Plaintiff was notified that he had failed Step 3 of the USMLE. (Doc. No. 1, ¶ 2.) Plaintiff submitted a request for a score recheck to FSMB. *Id.* On March 26, 2010, Plaintiff received the results of his score recheck. (Doc. No. 1 ¶ 4.) The score recheck, which is performed by automated, quality

---

[1] The Memorandum Opinion and Recommendation addressed the Motion to Dismiss of FSMB and NBME. Accordingly, it was limited to a review of the facts contained in Plaintiff's Complaint as well as the attachments thereto. Any effort by Plaintiff to add additional facts or amend his allegations through his memorandum or objections should be rejected. *See Owens v. IBM Corp.*, 1997 U.S. Dist. LEXIS 14536 at *6 n.2 (W.D.N.C. Aug. 14, 1997) ("[T]he Court takes it for granted that [plaintiff] cannot amend his complaint by means of briefs submitted in opposition to the motion to dismiss"); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109, n.9 (3d Cir. Pa. 2002) (holding that a plaintiff should not be able to effectively amend a complaint through objections to a Magistrate's recommendation.); *Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 Fed. App'x 556, 563 (4th Cir. 2008) (holding that a plaintiff may not amend his or her complaint through arguments made in an opposing brief) (citations omitted).

assurance software, confirmed that Plaintiff's score was accurate as originally reported. (*Id.*)

Unwilling to accept the fact that he failed to achieve a passing score, Plaintiff sought to blame others for his failure. Thus, Plaintiff repeatedly contacted Defendants claiming that his USMLE Step 3 test score was "too low to reflect [his] preparation and actual performance" and expressing concern that his test score was impacted because he did not take his Step 3 exam on consecutive days. (*Id.*) Plaintiff also sought a manual recheck of his score. Despite being assured that both days of his testing were received and graded, Plaintiff nevertheless continued to assert that not taking the test on consecutive days mysteriously and negatively impacted his score.

Defendants responded to Plaintiff's inquiries. For example, by letter dated April 2, 2010, NBME informed Plaintiff that "[i]t is not uncommon nor against USMLE policy for examinees to be scheduled on non-consecutive days." (Doc. No. 1, Ex. C.)[2] Plaintiff also was informed that "[a] review of your January 25 and 28, 2010, Step 3 examination record found that you received the full amount of testing time and we received data accounting for all test sections, including your responses." (*Id.*) In response to another inquiry, Plaintiff was informed by letter dated April 22, 2010, that his "correspondence and January 25 and 28, 2010, Step

---

[2] In ruling on a motion to dismiss, the court can consider not only the allegations contained in the complaint, but also can consider documents attached to the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

3 examination record were submitted to a senior staff group for additional review." In the April 22, 2010 letter, Plaintiff was advised as follows:

> Our review confirmed that the center at which you tested is often closed on Tuesday and Wednesday. If, at the time you scheduled your day one testing appointment, the center is closed the following day(s), the day two appointment is scheduled for the next day the center is open. This is consistent with USMLE policy for testing on consecutive days.

(Doc. No. 1, Ex. D.) Plaintiff also was advised at this time that "[o]ur review confirmed that the response data received is yours, and we found no irregularities with your examination data." (*Id.*)

Plaintiff subsequently hired an attorney. (Doc. No. 1, ¶ 6.) Plaintiff's attorney wrote a demand letter to FSMB on August 10, 2010, expressing concerns regarding the fact that Plaintiff did not take Step 3 of the exam on consecutive days and asking for a manual score recheck. (Doc No. 1, Ex. E.) By letter dated September 2, 2010, FSMB responded to Plaintiff's attorney. In the September 2, 2010 letter, FSMB explained that taking the exam on non-consecutive days was not a violation of the USMLE policies. (Doc. No. 1, Ex. G.) Counsel also was advised that

> [t]he score recheck performed previously at Dr. Zhang's request included a review to ensure that a complete data file was captured from both days of testing. The original response record was retrieved and rescored using a scoring system that is outside of the normal processing routine. As we noted in reporting the outcome of the score recheck, the "scores are accurate as originally reported."

(*Id.*)

Two months later, on November 4, 2010, Plaintiff's attorney wrote another letter to FSMB. (Doc. No. 1, Ex. F.) This letter requested that Plaintiff be provided with "the percentage of questions on the first day of Step 3 that were scored correctly and the percentage of questions the second day of Step 3 that were scored as answered correctly." (*Id.*) Although FSMB responded and declined this request, it informed counsel for Plaintiff that it had again reviewed the data outcome file and, based upon the review, Plaintiff "completed all scored items on his Step 3 administration with the exception of one item on day one of his examination," (Doc. No. 1, Ex. H), thereby eliminating any concern that entire sections of the examination had been overlooked by Plaintiff. FSMB further noted that the "efforts to reassure Dr. Zhang on the completeness and accuracy of his Step 3 score have already gone beyond those that the USMLE program ordinarily accords to examinees." (*Id.*)

In his objections to the Memorandum Opinion and Recommendation, Plaintiff submitted documentation showing that FSMB and NBME representatives exchanged multiple communications with Plaintiff and/or his representative. Plaintiff's objections and documentation reveal that, in addition to the time spent re-checking his examination, confirming the re-check, and providing Plaintiff written explanations of their re-examination, representatives for FSMB and NBME spoke with Plaintiff about his concerns over the telephone for a total of over three hours. (Doc. No. 1, Exs. C, D, G, and H and Doc. No. 34, Exs. A-J.) Inexplicably, rather than simply retaking the STEP 3 Exam in an attempt to obtain

5

a passing score, Plaintiff has chosen instead to force the expenditure of substantial resources of the Defendants and this Court pursuing this *pro se* action in an effort to prove that he did not fail the USMLE Step 3 Exam.

## ARGUMENT

Plaintiff's Objection to the Magistrate Judge's Memorandum Opinion and Recommendation lists five specific objections. For the reasons outlined below, none of these objections has merit.

 1. Plaintiff has not identified any "right or privilege" that was denied to him by FSMB or NBME.

Now that Magistrate Judge Sharp has recommended that Plaintiff's purported claim under 42 U.S.C. § 2000a-2(2) be dismissed, Plaintiff abandons this claim and asserts instead that his Complaint states a claim for "[w]ithold[ing] or deny[ing] right or privilege." (Doc. No. 34, p. 1.) Plaintiff, however, fails to identify the right or privilege withheld or denied by FSMB or NBME that would be actionable under any legal theory. To the extent Plaintiff is claiming a "right" to have his USMLE Step 3 score rechecked by FSMB or NBME, even if such right existed, Plaintiff's own submissions to the Court demonstrate that his score was rechecked by FSMB. (Doc. No. 1, Ex. G.) That score recheck "included a review that a complete data file was captured from both days of testing" and that the "'scores are accurate as originally reported.'" (*Id.*)

To the extent Plaintiff asserts that he has some other right to additional score rechecks by FSMB or NBME, Plaintiff has pointed to no statute or legal

authority to support such an assertion. Thus, any claim for denial of some unidentified right or privilege should be dismissed.

        2.        Plaintiff has not alleged that FSMB or NBME breached their internal policies.

Plaintiff further objects to the Memorandum Opinion and Recommendation on the grounds that his Complaint contained a claim for "breach of internal policies" and that the "Court relied overwhelmingly on Defendants' claims in determining whether they had breached their test scheduling policy." This objection has no merit, as Plaintiff has not alleged facts that plausibly suggest that Defendants FSMB or NBME performed any act in breach of their policies.

The "internal policy" relied on by Plaintiff for this claim is the testing schedule information set out in the USMLE Bulletin of Information, which states in pertinent part:

> When you schedule your Step 3 test dates, the two days on which you take the test must be consecutive, unless the center is closed on the day that follows your first day of testing. In that event, Prometric will assign you to the next day the center is open for your second day of testing. In all other cases, you must take Step 3 on two consecutive days at the same test center.

(Doc. No. 1, Ex. B at 2). Plaintiff alleges in his Complaint that *Prometric*, not FSMB or NBME, violated USMLE policy by "scheduling [his] Step 3 test on non-consecutive days." (Doc. No. 1 at ¶ 8.) Thus, any claim by Plaintiff regarding the scheduling of the test in contravention of USMLE policy is not directed at FSMB or NBME.

In addition, Plaintiff misreads the actual language of the USMLE policy

7

and based on this strained interpretation of the language makes incorrect and unfounded assumptions regarding the requirements of the testing procedure. Thus, Plaintiff argues that, under the policy, the *only* grounds on which to schedule testing on non-consecutive days is where the second day is a week-end or holiday. Because the intervening days of his test-taking were neither week-ends nor holidays, the policy, according to Plaintiff, must have been violated. (Doc. No. 34, pp. 3-6.)

Plaintiff is reading into the scheduling directive words that are not there. There is nothing in the cited policy which indicates that week-ends and holidays are the *only* reasons for which a Prometric center could be closed. Plaintiff is simply grasping at straws in an attempt to convince this Court that there is substance to his claims where none exists.

> 3. The denial of Plaintiff's repeated requests for additional score rechecks is not actionable.

Plaintiff next objects to the Magistrate's Memorandum Opinion and Recommendation that his claims be dismissed on the ground that "[t]he Court did not consider the fact that Plaintiff's legitimate and reasonable requests for a fair investigation of his test score had been repeatedly denied by Defendants." (Doc. No. 34, p. 2.) Contrary to Plaintiff's assertion, the Court did, in fact, consider Plaintiff's multiple requests for additional score rechecks. The Court specifically held that Plaintiff had no statutory right to an additional manual recheck of his score after a recheck had already been performed. (Doc. No. 32 at p. 7.)

8

In addition, as set forth in Section 1, *supra*, Plaintiff has shown no "right" to repeated score rechecks by NBME or FSMB. Furthermore, Plaintiff's own Complaint and subsequent filings with this Court demonstrate that both NBME and FSMB have spent a great deal of time and effort confirming the validity of Plaintiff's Step 3 score. In fact, as referenced in Plaintiff's Complaint, FSMB noted in a letter to Plaintiff's former attorney that the "efforts to reassure Dr. Zhang on the completeness and accuracy of his Step 3 score have already gone beyond those that the USMLE program ordinarily accords to examinees." (Doc. No. 1 Ex. H.) Defendants FSMB and NBME have no legal obligation to do anything further.

> 4. Plaintiff's own concessions belie his argument that his test schedule impacted the scoring of his Step 3 Exam.

Plaintiff's fourth specific objection to the Magistrate's recommendation is that the Court "did not weigh in on the impact of Plaintiff's test schedule on Defendants' proper scoring of his test." Doc. No. 34, p. 2. This objection is irrelevant to whether or not Plaintiff's Complaint fails to state a claim upon which relief can be granted, as any alleged "impact" that the test scheduling had on Plaintiff's test score would matter only if Plaintiff could state a claim relating to the test scheduling, which he cannot.

Moreover, and perhaps more importantly, Plaintiff concedes that FSMB and NBME "did have a complete data file for each of the two testing days." (Doc. No. 34, p. 10.) Having conceded that FSMB and NBME had "a complete data file

9

for each of the two testing days," (*id.*) there is nothing to adjudicate: Plaintiff failed the exam, all the data was received, his test has been rechecked, and his failing score has been confirmed. There is nothing more for FSMB and NBME, much less this Court, to do.[3]

>    5.   Plaintiff's conspiracy allegations and hypothetical scenario first asserted in his Objection cannot support a claim and unlock the doors of discovery.

Although not asserted in his Complaint, Plaintiff now alleges in his Objection that he was "lied to" by a representative of FSMB, "defendants FSMB and NBME started mounting a series of actions to cover up what had occurred to Plaintiff's Step 3 test," and that there was "a coordinated effort by defendants FSMB and NBME to stop Plaintiff from seeking the truth of his Step 3 score." (Doc. No. 34, pp. 2, 7, 10.) Despite evidence to the contrary that was attached to Plaintiff's Complaint, Plaintiff now demands that "defendants FSMB and NBME provide document(s) verifying the validity of the Step 3 test" in order to prove that a score recheck was actually done, and also demands that NBME provide documentation relating to NBME's confirmation that the test center at which he took the Step 3 exam is often closed on Tuesday and Wednesday. (*Id.* at pp. 5, 8.)

Plaintiff's conspiracy allegations and improper requests for discovery run afoul of the Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[3] The minimum passing score for the USMLE Step 3 Exam is 75. (Doc. No. 1, p. 3, ¶ 4.) One can logically infer from the fact that Plaintiff's score of 68 was so close to the passing score, that Plaintiff's score reflected the results from both days of the two day test.

544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

In *Iqbal*, the Supreme Court noted that Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. at 1950. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (*citing Twombley*, 550 U.S. at 556). To determine whether a complaint states a plausible claim for relief, the reviewing court must "draw on its judicial experience and common sense." *Id.* Further, it is not plausible that there has been wrong-doing by a defendant when there are more likely alternative explanations from the facts asserted by a plaintiff. *Id.* at 1951-1952 (explaining that because the September 11 attacks were organized by and carried out by Arab Muslims, it is not surprising that a subsequent policy directing investigators to arrest and detain individuals connected with the attacks would have a disparate impact on Arabs and Muslims and that disparate impact had an "obvious alternative explanation" that made plaintiff's discrimination claim implausible).

In this case, Plaintiff goes to great lengths to put a hypothetical scenario before the Court as to how his Step 3 test might have been improperly scored and then covered up by NBME and FSMB. This hypothetical is based upon nothing but assumptions, conclusions, and Plaintiff's "decades of experience as a physician and scientist [that] tell him that there is apparently something wrong." (Doc. No. 34, p. 11.) Plaintiff, of course, ignores the most obvious reason for his failing grade, namely, that he did not perform adequately. This observation is

11

even more compelling when the undisputed facts that all the data was received from both days of testing and that the test score has been re-checked are considered.

Following the Supreme Court's methodology in *Iqbal*, the "obvious alternative explanation" for Plaintiff's failing score is that Plaintiff simply failed the test. In the face of this obvious alternative explanation, Plaintiff's hypothetical scenario and conspiracy allegations are neither plausible nor actionable. As such, under *Twombley* and *Iqbal* Plaintiff should not be permitted to "unlock the doors to discovery" with his conclusory allegations of wrong-doing by NBME and FSMB, Plaintiff's Complaint fails to state a claim for which relief can be granted, and Plaintiff's complaint should be dismissed as against NBME and FSMB.

## CONCLUSION

For the reasons stated herein, in the Motion to Dismiss and supporting briefs of NBME and FSMB, and in the Magistrate's Memorandum Opinion and Recommendation, NBME and FSMB respectfully request that this Court adopt the Magistrate's Recommendation and dismiss Plaintiff's Complaint.

This the 27th day of January, 2012.

    /s/Jon Berkelhammer
Jon Berkelhammer
N.C. Bar No. 10246
Patrick M. Kane
N.C. State Bar No. 36861
SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
PO Box 29127 (27420)
Greensboro, NC 27401
Telephone: 336.378.5200
Facsimile: 336.378.5400
jon.berkelhammer@smithmoorelaw.com

*Attorneys for Defendants Federation of State Medical Boards and National Board of Medical Examiners*

13

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed the document to the following non CM/ECF participant:

>JIHUI ZHANG
>102 ROWE ROAD
>CHAPEL HILL, NC 27516

>/s/Jon Berkelhammer
>Jon Berkelhammer
>*Attorney for Defendants Federation of State Medical Boards and National Board of Medical Examiner*

14