IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No: 1:11-CV-129

| | |
|---|---|
| JIHUI ZHANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERATION OF STATE | ) |
| MEDICAL BOARDS, NATIONAL | ) |
| BOARD OF MEDICAL | ) |
| EXAMINERS, and PROMETRIC, | ) |
| | ) |
| Defendants. | ) |

# DEFENDANT PROMETRIC INC.'S RESPONSE TO PLAINTIFF'S OBJECTION

# TO MAGISTRATE JUDGE'S RECOMMENDATION

Reid L. Phillips
Benjamin R. Norman
BROOKS, PIERCE, McLENDON,
　HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC  27420
Telephone:  336-373-8850

*Attorneys for Defendant Prometric Inc.*

Pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, Defendant Prometric Inc. ("Prometric"), through counsel, respectfully submits this response to Plaintiff's Objection to Magistrate Judge's Recommendation [D.E. #34] filed on January 13, 2012 (hereinafter "Plaintiff's Objection").

## STATEMENT OF THE NATURE OF THE MATTER

Plaintiff Jihui Zhang ("Plaintiff"), appearing *pro se*, filed this action on February 11, 2011, against three defendants, Federation of State Medical Boards ("FSMB"), National Board of Medical Examiners ("NBME") and Prometric. Plaintiff's Complaint does not attempt to label or enumerate any specific cause of action. *See* Compl. [D.E. #1]. In his Civil Cover Sheet,[1] however, Plaintiff indicated that the nature of his suit was "Other Civil Rights," cited 42 U.S.C. § 2000a-2(a) as the Statute under which he was filing, and provided a brief description of the cause as "[w]ithhold or deny right or privilege, [b]reach of internal policies." *See* Civil Cover Sheet [D.E. #2].

In his Complaint, Plaintiff alleges that his failing score on Step 3 of the United States Medical Licensure Examination ("USMLE") is incorrect. Plaintiff does not accept that he failed considering his "preparation and actual performance on the test days." Compl. ¶4.[2] Plaintiff alleges that there must have been a scoring error by the scorer of his Step 3, NBME, or an error in the transmission of his responses from the Prometric

---

[1] This Court has considered a *pro se* Plaintiff's Civil Cover Sheet and its identification of the statute under which the Plaintiff purports to file when determining what causes of action the Plaintiff purports to bring in the context of a motion to dismiss for failure to state a claim upon which relief can be granted. *See Williams v. Studivent*, Slip Op., 2009 WL 3837627, at *2 n.4 (M.D.N.C. Nov. 16, 2009).

[2] Unless otherwise noted, when citing paragraphs of the Complaint, Prometric is referring to the numbered paragraphs in the section labeled "III. STATEMENT OF CLAIM."

testing center to NBME. Compl. ¶4. Although he requested and received a score recheck which found his originally reported score to be accurate as well as repeated assurances that all of his Step 3 responses were transferred without error to NBME, Plaintiff demands a "fair and subjective investigation" of his score and contends that the failure to perform the investigation to his satisfaction is a violation of his civil rights. Compl. ¶8, Section IV. Defendants filed motions to dismiss the Complaint for failure to state a claim upon which relief may be granted. [D.E. #20, #23].

On December 29, 2011 United States Magistrate Judge P. Trevor Sharp entered a Recommendation recommending that Prometric and other Defendants' motions to dismiss be granted and that this lawsuit be dismissed (the "Recommendation"). [D.E. #32]. On January 13, 2012, Plaintiff filed Plaintiff's Objection.

For the reasons below, Defendant respectfully requests that the Court adopt the Recommendation and dismiss this lawsuit with prejudice.

## FACTUAL BACKGROUND

Plaintiff is a medical doctor who took and failed Step 3 of the USMLE. Compl. ¶4. The USMLE is co-sponsored by Defendants FSMB and NBME. Compl. ¶1. Step 3 is a two day examination administered by Prometric. *See* Compl. ¶¶1, 7, 8. The USMLE Bulletin provides that Step 3 may be taken on nonconsecutive days as follows:

> When you schedule your Step 3 test dates, the two days on which you take the test must be consecutive, *unless the center is closed on the day that follows your first day of testing. In that event, Prometric will assign you to the next day the center is open for your second day of testing.* In all other cases, you must take Step 3 on two consecutive days at the same test center.

2

*See* Compl. Ex. B (emphasis added).

On December 7, 2009, Plaintiff himself scheduled his Step 3 on-line at www.prometric.com. Compl. ¶1. Plaintiff scheduled his Step 3 for Monday, January 25, 2010 and Thursday, January 28, 2010. Compl. ¶1. Plaintiff "took the test as scheduled, and everything went well as expected." Compl. ¶1. On February 17, 2010, Plaintiff received his score report and learned that he failed Step 3. Compl. ¶2. Plaintiff received a score of 68 while a score of 75 is the minimal passing score. Compl. ¶4. Plaintiff was "shocked" that he failed. Compl. ¶2. That same day, Plaintiff contacted FSMB and requested a score recheck. Compl. ¶2. FSMB completed the score recheck and, on March 26, 2010, reported to Plaintiff that the originally reported score was accurate. Compl. ¶4. Unsatisfied, Plaintiff continued to contend that his exam was not scored correctly. Compl. ¶4. Plaintiff also contended that his failing score might have been caused by an incomplete transfer of his Step 3 responses from the Prometric test center to NBME. Compl. ¶4. Plaintiff contacted FSMB and NBME numerous times over several months to voice these contentions. Compl. ¶4. In response, FSMB and NBME again reviewed Plaintiff's Step 3 responses and score. Compl. ¶¶4, 5, 6, Exs. C, D, G, H. Finding no errors, FSMB and NBME repeatedly assured Plaintiff and Plaintiff's attorney that NBME indeed received all of Plaintiff's Step 3 responses and that Plaintiff's Step 3 was scored correctly. Compl. ¶¶4, 5, 6, Exs. C, D, G, H. Yet, Plaintiff remains unsatisfied and remains convinced that his exam was scored incorrectly. Compl. ¶¶7, 8.

3

After noting that the substantial "efforts to reassure [Plaintiff] on the completeness and accuracy of his Step 3 score have already gone beyond those that the USMLE program ordinarily accords," FSMB declined to provide further response to the requests of Plaintiff for further investigation of Plaintiff's score. Compl. Ex. H. Plaintiff contends that the failure of FSMB and NBME to perform a "manual score recheck" and to conduct further "fair and subjective investigation" into his score violates his civil rights. Compl. ¶¶7, 8. Plaintiff seeks relief in the form of an order forcing a "fair and subjective investigation" into his Step 3 score and $195,000. *See* Compl., Section IV.

## QUESTION PRESENTED

Did Magistrate Judge Sharp correctly determine that this lawsuit should be dismissed?

## ARGUMENT

### I. Standard of Review.

If objections are made to the recommendation of a magistrate judge, the Court will undertake a de novo review of those portions of the recommendation to which objections have been made. 28 U.S.C. § 636(b)(1); *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005).

### II. The Recommendation Correctly Determined that the Lawsuit Should be Dismissed.

Plaintiff, a medical doctor who prior to the filing of this lawsuit employed a lawyer to pursue the same causes that he seeks in this lawsuit (*see* Compl. ¶¶4, 6), asks this Court to forgive the failures of his Complaint due to his *pro se* status in his first

4

"ground" provided in Plaintiff's Objection. Pl.'s Objection at 1, 3. Even a *pro se* plaintiff must adhere to the standards set forth in *Iqbal* and *Twombly*. In *Purvis v. Countrywide Home Loans, Inc.*, Slip Op., 2010 WL 3488707, at *2 (M.D.N.C. Sept. 1, 2010), this Court set forth the applicable standard that applies to a *pro se* plaintiff's complaint.

> Under Rule 12(b)(6), a complaint falls short if it does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

2010 WL 3488707, at *2 (citations in original). The Court properly set forth the standard applicable to the Motions to Dismiss pursuant to Rule 12(b)(6) in the Recommendation. Recommendation at 5. Moreover, the Court confirmed that it construed Plaintiff's *pro se* Complaint liberally but could find "no well-stated claim under any apparent legal theory." Recommendation at 7 n.3. Plaintiff's Complaint fails to plead factual matter that permits the Court to infer more than the "mere possibility of misconduct" and therefore should be dismissed. *See Purvis*, 2010 WL 3488707, at *2 n.4.

### A. Plaintiff Has Failed to Allege a Claim for Relief Under 42 U.S.C. § 2000a-2(a).

In his Civil Cover Sheet, Plaintiff purports to file his Complaint under 42 U.S.C. § 2000a-2(a) which provides that "No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title." 42 U.S.C. § 2000a-2(a). However, in the Complaint and in Plaintiff's Objection, Plaintiff fails to allege any facts that support such a claim and the Recommendation properly dismissed any such claims.

#### 1. Plaintiff Has Failed to Allege that Prometric is a Place of Public Accommodation Under 42 U.S.C. § 2000a.

Enacted under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a provides that "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). The statute "sets forth a comprehensive list of establishments that qualify as a 'place of public accommodation,' [] and in so doing excludes from its coverage those categories of establishments not listed. Places of public accommodation include: (1) hotels and other businesses providing 'lodging to transient guests,' []; (2) restaurants and other facilities 'principally engaged in selling food for consumption on the premises,' []; (3) 'place[s] of exhibition or entertainment,' []; and (4) establishments that are, inter alia, within a covered establishment*[ ]*." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) (internal citations omitted).

Plaintiff has made no allegation that Prometric is a place of public accommodation under the applicable statutory definition in 42 U.S.C. § 2000a. *See* Compl. For this reason alone, Plaintiff's claim should be dismissed. Moreover, even had Plaintiff made such an allegation, one cannot reasonably conclude that the Prometric testing centers fall within the definition of "public accommodation" set forth in 42 U.S.C. § 2000a.

> 2. <u>Plaintiff Has Made No Allegation that He Was Denied Full and Equal Enjoyment of the Goods, Services, Facilities, Privileges, Advantages or Accommodations by Prometric in Violation of 42 U.S.C. § 2000a.</u>

Plaintiff fails to allege that he was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations by Prometric. Instead, Plaintiff's allegations reveal that, in fact, he was provided full and equal enjoyment by Prometric. Plaintiff admits that he himself scheduled his exam online at the Prometric website. Compl. ¶1, Ex. A. Plaintiff, like any Step 3 examinee, had the right to reschedule or cancel his exam dates. *See* Compl. Ex. A. Yet, Plaintiff admits that he "took the test as scheduled, and everything went well as expected." Compl. ¶1. Although Plaintiff alleges a violation of the USMLE policy regarding the scheduling of his Step 3, the Bulletin he cites in his Complaint makes clear that his scheduled dates of a Monday and a Thursday complied with USMLE policy. *See* Compl. Ex. B. This compliance with USMLE policy was confirmed by FSMB and NBME. *See* Compl. Exs. C, D, G. In addition, Plaintiff's allegation that he was refused a manual recheck because he is a foreign medical graduate does not state a claim as the geographic location of the

7

school from which Plaintiff graduated is not a protected class under the statute. *See* 42 U.S.C. § 2000a; Compl. ¶4.

> 3. <u>Plaintiff Has Failed to Allege that Prometric Withheld or Denied a Right Secured by 42 U.S.C. § 2000a-1.</u>

Plaintiff's Complaint fails to allege a cause of action under 42 U.S.C. § 2000a-1 which provides as follows:

> All persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof.

42 U.S.C. § 2000a-1. Plaintiff fails to allege that Prometric applied a state law, statute, ordinance, regulation, rule, or order of a State in a way that discriminated against Plaintiff. *See* Compl.

> 4. <u>Any Discrimination Claim under 42 U.S.C. § 1983 Fails.</u>

Plaintiff does not allege violation of 42 U.S.C. § 1983 but any such claim fails against Prometric. Prometric is a private actor and Plaintiff has made no allegations of any connection to a state actor. *See* Compl. The Recommendation properly found that Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983. Recommendation at 7 (citing *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180-81 (4th Cir. 2009)).

> 5. <u>Any Discrimination Claim Regarding the Scoring of Plaintiff's Step 3 Does Not Apply to Prometric.</u>

Plaintiff does not allege that Prometric scored Plaintiff's Step 3. *See* Compl. ¶¶2, 3, 4, 7, 8. To the extent that Plaintiff's Complaint alleges facts concerning discrimination

8

in the scoring of his Step 3, those allegations are not made against Prometric. *See* Compl. ¶4 ("NBME first agreed to manually recheck my score but later reversed their decision by the reason that they only offer manual score recheck to US medical graduates; because I am a foreign medical graduate, they would not do it for me."); Compl. ¶8 ("They, [FSMB and NBME] deprived my civil right as an examinee who is entitled to all services they offer by refusing to manually check my score."). Therefore, any alleged discriminating acts in the scoring of Plaintiff's Step 3 does not state a claim against Prometric.

**B.  Any Claim Regarding the Delivery of Plaintiff's Step 3 Responses and Its Effect on the Scoring of Plaintiff's Step 3 Fails to State a Claim upon which Relief Can Be Granted.**

The majority of Plaintiff's Objection focuses on his "genuinely" held belief that his failing score on Step 3 is "highly unlikely." Pl.'s Objection at 2. Relying largely on allegations and materials outside of the Complaint, Plaintiff rests his belief on his theory that his Step 3 score was based on only one day of testing rather than both days of testing. Pl.'s Objection at 7-15.[3]

Plaintiff's beliefs are repeatedly belied by his own Complaint. Plaintiff's Complaint provides that on at least four separate occasions, FSMB or NBME confirmed that all of Plaintiff's Step 3 responses were delivered successfully to NBME for scoring. Specifically, in a letter of April 2, 2010, Plaintiff was informed that "[a] review of your January 25 and 28, 2010 Step 3 examination record found that you received the full amount of testing time and we received data accounting for all test sections, including

---

[3] Plaintiff's third, fourth and fifth listed "grounds" in Plaintiff's Objection overlap but collectively address the delivery of Plaintiff's Step 3 Responses from Prometric to NBME and its effect on the scoring of his Step 3. Pl.'s Objection at 2.

9

your responses." Compl. Ex. C. Next, in a letter of April 22, 2010, Plaintiff was informed that "[o]ur review confirmed that the response data received is yours, and we found no irregularities with your examination data." Compl. Ex. D. On September 2, 2010, Plaintiff's attorney was informed that "[t]he score recheck performed previously at Dr. Zhang's request included a review to ensure that a complete data file was captured from both days of testing." Compl. Ex. G. On November 10, 2010, Plaintiff's attorney was informed that "the recent additional review of [Plaintiff's] data outcome file from which I was able to inform you [, Plaintiff's attorney,] by email on September 21, 2010 that Dr. Zhang [sic] completed all scored items on his Step 3 administration with the exception of one item on day one of his examination." Compl. Ex. H. In Plaintiff's Objection, Plaintiff concedes that Prometric properly transferred his Step 3 responses. Pl.'s Objection at 10 ("[D]efendants FSMB and NBME did have a complete data file for each of the two testing days … .").

Moreover, Plaintiff's Complaint further undermines his conclusion that his Step 3 responses were not properly transferred. Plaintiff alleges that he scored a 68 and that a 75 is a passing score. Compl. ¶4. It is unreasonable to conclude that Plaintiff nearly passed Step 3 based upon only one day's responses.

Therefore, Plaintiff's Complaint alleges no facts that would allow this Court to reasonably infer that Plaintiff's Step 3 responses were improperly delivered by Prometric to NBME or that Plaintiff's Step 3 was improperly scored by NBME because of the

10

delivery of Plaintiff's Step 3 responses. Accordingly, any claim arising from Plaintiff's unreasonable conclusion fails and must be dismissed.

## C. Any Claim Arising from the Non-Consecutive Scheduling of Plaintiff's Step 3 Fails to State a Claim upon which Relief Can Be Granted.

Plaintiff argues that his scheduling of the two day Step 3 on non-consecutive days is a violation of USMLE policy and that the alleged violation somehow states a claim against Prometric, FSMB and NBME. Plaintiff's Objection provides a lengthy narrative primarily outside of the allegations of the Complaint on Plaintiff's self-serving interpretation of the policy and his determination of a violation. Pl.'s Objection at 3-7.[4] However, Plaintiff's Complaint provides that the scheduling of his Step 3 on non-consecutive days is not a violation of USMLE policy.

First, the USMLE policy attached by Plaintiff to the Complaint clearly provides that an examinee can schedule Step 3 on non-consecutive days. It states,

> When you schedule your Step 3 test dates, the two days on which you take the test must be consecutive, *unless the center is closed on the day that follows your first day of testing. In that event, Prometric will assign you to the next day the center is open for your second day of testing.* In all other cases, you must take Step 3 on two consecutive days at the same test center.

*See* Compl. Ex. B (emphasis added). Plaintiff's incorrect interpretation of the USMLE policy contradicts this clear language.

Second, FSMB and NBME confirmed repeatedly that Plaintiff's testing on non-consecutive days did not violate USMLE policy. Compl. Ex. C ("It is not uncommon nor against USMLE policy for examinees to be scheduled on non-consecutive days.");

---

[4] Plaintiff's second listed "ground" in Plaintiff's Objection addresses the scheduling of his exam. Pl.'s Objection at 1.

11

Case 1:11-cv-00129-CCE-PTS   Document 36   Filed 01/30/12   Page 12 of 15

Compl. Ex. G ("From the perspective of the USMLE program, Dr. Zhang's test administration dates were appropriate and complied with stated policies.").

Although not alleged in the Complaint, Plaintiff argues that the Prometric center was open on the Wednesday, January 27, 2010. Pl.'s Objection at 5-6. Yet, even if the Court were to consider that allegation as true, it does not mean that the Prometric testing center was open on Tuesday, January 26, 2010 or Wednesday, January 27, 2010, at the time that Plaintiff scheduled his Step 3. It is reasonable that Prometric may have caused a testing center to reopen to accommodate increased demand that occurred in the more than one and one-half month period between Plaintiff scheduling his Step 3 (December 7, 2009) and taking his Step 3 (January 25, 2010).

Most importantly, Plaintiff's only alleged concern regarding his testing on non-consecutive days is that it caused the unsuccessful transfer of his Step 3 responses from Prometric to NBME. Compl. ¶4. This after-the-fact concern is baseless. As addressed in Part B above, no facts in the Complaint support a reasonable inference that Prometric failed to transfer Plaintiff's Step 3 responses.

### D.   The Court Should Not Consider any New Allegations or Documents.

In Plaintiff's Objection, Plaintiff makes numerous allegations that do not appear in the Complaint and attaches documents not incorporated into the Complaint. The Court should not consider these new allegations and materials because "[t]he Court cannot consider matters outside the pleadings or resolve factual disputes without converting [a] motion [to dismiss under Rule 12(b)(6)] into one for summary judgment under

12

Fed.R.Civ.P. 56." *Deberry v. Davis*, 2009 WL 3228061, at *2 (M.D.N.C. Sept. 30, 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir.1999)). "This is because a motion to dismiss for failure to state a claim questions the legal sufficiency of the complaint itself; it is not designed to test the strength of outside evidence." *Deberry*, 2009 WL 3228061, at *2 (citing *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1109 (4th Cir.1993)).

## CONCLUSION

For the reasons outlined above, in Prometric's previous briefing, and the Recommendation of United States Magistrate Judge Sharp, Prometric respectfully requests that the Court adopt the Recommendation and dismiss this lawsuit.

Respectfully submitted this 30th day of January, 2012.

        /s/ Benjamin R. Norman
        Reid L. Phillips
        N.C. Bar No.7968
        rphillips@brookspierce.com
        Benjamin R. Norman
        N.C. Bar No. 32852
        bnorman@brookspierce.com

        *Attorneys for Defendant Prometric Inc.*

OF COUNSEL:

BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC  27420
Telephone:  336-373-8850
Fax: (336) 378-1001

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jonathan A. Berkelhammer
>Smith Moore Leatherwood LLP
>300 N. Greene Street
>Suite 1400
>Greensboro, NC 27401
>jon.berkelhammer@smithmoorelaw.com
>
>*Attorney for Defendants Federation of State Medical Boards and National Board of Medical Examiners*

In addition, I hereby certify that the foregoing was served upon the other parties of this action by first-class mail, postage prepaid, addressed to the following:

>Jihui Zhang
>102 Rowe Road
>Chapel Hill, North Carolina  27516

This the 30th day of January, 2012.

>/s/ Benjamin R. Norman
>Benjamin R. Norman